12/29/2016 1:56:33 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 14491932
By: PEREZ, ANITA
Filed: 12/29/2016 1:56:33 PM

Filed In The District Court
of Travis County, Texas
NOV 2 1 2016
At                    7:10
Velva L. Price, District

CAUSE NO. ___ **D-1-GN-16-005694** ___

| | | |
|---|---|---|
| JERMANE A. HOPKINS | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| SYLVESTER TURNER, in his official and | § | |
| individual capacities, JANICE EVANS, in her | § | **201st** JUDICIAL DISTRICT |
| official and individual capacities, HUBERT | § | |
| ARTURO ACEVEDO, in his individual | § | |
| capacity, and the CITY OF HOUSTON | § | |
| *Defendants* | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jermane Hopkins ("Hopkins"), who files this Original Petition for Writ of Mandamus and Request for Disclosure against Defendants Sylvester Turner (or "Turner"), Janice Evans (or "Evans"), Hubert Arturo Acevedo (or "Acevedo"), and City of Houston (or the "City") and in support thereof would show as follows:

### I. DISCOVERY CONTROL PLAN

1.    Pursuant to Rule 190.3, Texas Rules of Civil Procedure, Plaintiff intends that discovery be conducted under Level 2.

### II. RELIEF

2.    Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief. Tex. R. Civ. P. 47(c)(2).

### III. PARTIES

3.    a.    Plaintiff is Jermane Hopkins is a private person who may be served at 1809 S Street, Suite 101-131, Sacramento, California 95811.

b.    Sylvester Turner. Defendant is Sylvester Turner, who, as Mayor (the Chief

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 1 of 92

**EXHIBIT D**

administrative officer, or executive officer," of Defendant City of Houston), is sued in his

official capacity as the officer for public information to be ordered by the court to perform his

duties under § 552.203, Texas Government Code, and promptly make available the records

requested by Jermaine A. Hopkins. Furthermore, Defendant is Sylvester Turner, who, as Mayor

(the Chief administrative officer, or executive officer," of Defendant City of Houston) and as a

final policymaker for Defendant City of Houston, is sued in his official and individual capacities

with respect to Plaintiff's claim(s) brought under 42 U.S.C. § 1983 in this cause of action.

Defendant Turner is liable for attorney fees in this case. Defendant Turner may be served in

Harris County, at City of Houston - Office of the City Mayor, City Hall, 901 Bagby Street,

Houston, Texas 77002.

   c.  Janice Evans. Defendant is Janice Evans, who, as Communications Director for

Defendant City of Houston and as a final policymaker for Defendant City of Houston, is sued in

her official and individual capacities with respect to Plaintiff's claim(s) brought under 42 U.S.C.

§ 1983 in this cause of action. Defendant Evans is liable for attorney fees in this case. Defendant

Evans may be served in Harris County, at City of Houston - Office of the City Mayor, City Hall,

901 Bagby Street, Houston, Texas 77002.

   d.  Hubert Arturo Acevedo. Defendant is Hubert Acevedo (a.k.a. "Art" Acevedo),

who, at all relevant times, as an applicant, "recruit," and/or candidate for Defendant City of

Houston's vacant police chief position, is sued in his individual capacity with respect to

Plaintiff's claim(s) brought under 42 U.S.C. § 1983 in this cause of action. Defendant Evans is

liable for attorney fees in this case. Defendant Acevedo resides in Travis County and may be

served at 2407 Stratford Drive, Austin, Texas 78746.

   e.  City of Houston. Defendant is the City of Houston is a municipality and is sued as

*Plaintiff's Original Petition and Requests for Disclosure*   Page 2 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 2 of 92

**EXHIBIT D**

a "governmental body" pursuant to the Texas Public Information Act. Defendant City of Houston is liable for attorney fees in this case. Defendant City of Houston can be served via its mayor, Defendant Sylvester Turner, and in Harris County, at City of Houston - Office of the City Mayor, City Hall, 901 Bagby Street, Houston, Texas 77002.

### IV.  VENUE AND JURISDICTION

4.      This court has jurisdiction over all Defendants under Article V, Section 8 of the Texas Constitution.

#### Mandamus Relief

5.      a.      This Court has jurisdiction to issue a writ of mandamus to compel the Defendants Turner and City of Houston to release the information requested by Hopkins and/or make that information available for public inspection pursuant to § 552.321, Texas Government Code.

        b.      Mandamus, although otherwise available, may not lie if an adequate remedy exists elsewhere. *See Ark. Bldg. & Loan Ass'n v. Madden*, 44 S.W. 823, 824 (Tex. 1898) (orig. proceeding) (stating that "the writ of mandamus should not issue where the relator has another adequate legal remedy for the enforcement of his right"); *Arberry v. Beavers*, 6 Tex. 457, 1851 WL 4016, *12 (Tex. 1851) ("[Mandamus] is an extraordinary remedy, to be resorted to only when the party has no other adequate means of redress afforded him."). In the circumstances of the present case, mandamus is appropriate because no other adequate remedy exists.

### V.  STATEMENT OF FACTS

#### Defendants Ignored Plaintiff's October 6, 2015 and October 7, 2015 Application for Public Information

6.      a.      The Texas Public Information Act (the "Public Information Act" or the "Act") was adopted in 1973 by the reform-minded Sixty-third Legislature.[1] The Sharpstown scandal,

---

[1] Act of May 19, 1973, 63rd Leg., R.S., ch. 424, 1973 Tex. Gen. Laws 1112.

*Plaintiff's Original Petition and Requests for Disclosure*          Page 3 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 3 of 92

**EXHIBIT D**

which occurred in 1969 and came to light in 1971, provided the motivation for several

enactments opening up government to the people.[2]

b.      The preamble of the Public Information Act is codified at section 552.001

of the Government Code. It declares the basis for the policy of open government expressed in the

Public Information Act. It finds that basis in "the American constitutional form of representative

government" and "the principle that government is the servant and not the master of the people."

It further explains this principle in terms of the need for an informed citizenry:

> The people, in delegating authority, do not give their public servants the right to decide
> what is good for the people to know and what is not good for them to know. The people
> insist on remaining informed so that they may retain control over the instruments they
> have created.

The purpose of the Public Information Act is to maintain the people's control "over the

instruments they have created."[3]

7.      In 2015, Defendant Hubert Arturo Acevedo applied for a police chief position with the

City of San Antonio. Plaintiff Jermaine Hopkins (or "Hopkins"), along with several other

citizens concerned about Defendant Acevedo's continued occupation of public trust positions

placed the City of San Antonio on notice and demonstrated how Defendant Acevedo subject the

City of San Antonio to citizen and employee claims of negligent hiring. Defendant Acevedo was

not hired by the City of San Antonio and was furious or disappointed. Defendant Acevedo

disapproved of the content of the speech that prevented his hiring so much that – during his

tantrum over not being hired by the City of San Antonio – he attempted to have Hopkins

---

[2] *See generally Mutscher v. State*, 514 S.W.2d 905 (Tex. Crim. App. 1974) (summarizing events of Sharpstown
scandal); *see also* "Sharpstown Stock-Fraud Scandal," *Handbook of Texas Online*, published by the Texas State
Historical Association, at http://www.tshaonline.org/handbook/online/articles/mqs01.
[3] Gov't Code § 552.001(b); *see A & T Consultants v. Sharp*, 904 S.W.2d 668, 675 (Tex. 1995); *Abbott v. City of
Corpus Christi*, 109 S.W.3d 113, 118 (Tex. App.—Austin 2003, no pet.); *Thomas v. Cornyn*, 71 S.W.3d 473, 480
(Tex. App.— Austin 2002, no pet.).

*Plaintiff's Original Petition and Requests for Disclosure*        Page 4 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 4 of 92

**EXHIBIT D**

prosecuted and he filed a formal Internal Affairs complaint with another citizen's employer in California, *inter alia.*[4]

     b.     Defendant Acevedo applied for a police chief position with Defendant City of Houston. On April 28, 2016, CBS Austin (KEYE) published a story about Defendant City of Houston's consideration of Defendant Acevedo for its police chief vacancy.

     c.     Defendants Turner and Acevedo received an e-mail from Hopkins on or about April 28, 2016 at 12:59:45 PM PDT. KVUE-TV subsequently published and aired a story, "City refutes rumor of Acevedo going to Houston."[5]

     d.     Defendants Sylvester and Defendant Acevedo were determined and agreed or conspired to keep Defendant Acevedo's application and candidacy for the police chief position concealed from the public and out of the public debate arena. Defendant Evans assisted Defendant Turner and/or Acevedo in the furtherance of that goal.

     e.     Defendants Sylvester and Defendant Acevedo were intent upon stifling Hopkins' ability to expose Defendant Acevedo's untruthfulness to the Austin media and/or prevent Hopkins from engaging in speech that would undermine Defendants Turner's and Acevedo's efforts to formalize and seal Defendant Turner's selection of Defendant Acevedo with the required approval of Defendant City of Houston's city council.[6]

---

[4] *See* http://www.austinchronicle.com/news/2014-07-04/is-acevedo-stonewalling-fox-tv/ (last accessed on November 19, 2016).
[5] http://www.kvue.com/news/local/city-refutes-rumor-of-acevedo-going-to-houston/158772698 (last visited on November 19, 2016). Tony Plohetsky is a self-proclaimed "investigative reporter" who reports on matters or controversies that involve Defendant Acevedo or that may affect the public's perception of Defendant Acevedo. Frequently, Defendant Acevedo has been a source of information that Mr. Plohetsky has reported being "leaked." On October 20, 2016, Mr. Plohetsky authored a story regarding Defendant Acevedo. See http://www.kvue.com/news/investigations/defenders/-secret-recording-reveals-an-unfiltered-chief-acevedo/339212470 (last accessed on November 19, 2016). Mr. Phil Jankowsky, Noelle Newton, Cira O'Rourke are additional Austin reporters whom have demonstrated their loyalty to Defendant Acevedo.
[6] The City of San Antonio's city council did/would not approve Ms. Sheryl Scully's selection of Defendant Acevedo because of the communications they received from Hopkins and other concerned citizens.

*Plaintiff's Original Petition and Requests for Disclosure*     Page 5 of 10

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 5 of 92

8.     On or about April 29, 2016 at 12:49:20 PM PDT, Defendant Turner received an application for public information from Hopkins, for a compact disc containing suitable PDF copies of all governmental records pertaining to the City of Houston's consideration of Defendant Acevedo for chief of police and copies of Defendant Acevedo's written/electronic communications pertaining to that position.

9.     On or about June 20, 2016 at 10:26:40 AM PDT, Defendant Turner received an application for public information from Hopkins, for a compact disc containing suitable PDF copies of all communications to and/or from Russell Reynolds Associates pertaining to, discussing, and/or mentioning the 2016 police chief selection. Additionally, Hopkins requested for Defendant Turner to exercise Defendant City of Houston's ownership rights over those records so that he could provide Hopkins with a compact disc containing suitable PDF copies of all records possessed by Russell Reynolds Associates pertaining to Defendant Acevedo.

10.    Defendants Turner and City of Houston have refused to produce the information responsive to Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT.

12.    Acting in collusion with Defendant Turner to stifle Hopkins ability to engage in speech on matters of public concern, Defendant Evans lied to Hopkins and told Hopkins that can contact the attorney general if Hopkins was not satisfied with Defendant Evans' untruthful response.[7]

13.    To date, Defendant Ott has neither:

       (1)     sent Hopkins suitable copies of all of the governmental records responsive to Hopkins' applications for public information received by Defendant Turner on or about April

---

[7] http://www.houstonchronicle.com/news/houston-texas/houston/article/Turner-uses-search-firm-to-keep-police-chief-7955792.php (last accessed on November 19, 2016).

*Plaintiff's Original Petition and Requests for Disclosure*          Page 6 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 6 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 7 of 92

29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT.; nor,

      (2)     certified to Hopkins, in writing, that they cannot produce all of the public information for duplication within 10 business days after Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT.

14.    Defendant Turner and City of Houston have not sought an attorney general ruling allowing them to withhold the governmental records responsive to Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT.

### VI. CAUSES OF ACTION

#### Count 1 - Suit for Mandamus

15.    Plaintiff realleges and incorporates in this Count 1 all of the preceding paragraphs. Pursuant to § 552.321, Tex. Gov't. Code, Plaintiff Hopkins brings this suit for mandamus against Defendants Turner and City of Houston and asks for the Court to order Defendants, employees, officials, agents and attorneys, to supply all of the public information responsive to Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT.

#### Count 2 - Suit for Declaratory Relief

16.  a.    Plaintiff realleges and incorporates in this Count 2 all of the preceding paragraphs.

     b.    Plaintiff seeks declaratory relief because Plaintiff is has brought claims against Defendants under

     c.    Pursuant to § 552.3215, Tex. Gov't. Code, Plaintiff Hopkins brings this suit for

*Plaintiff's Original Petition and Requests for Disclosure*      Page 7 of 10

**EXHIBIT D**

declaratory relief against Defendants Turner and City of Houston and asks for the Court to issue judgement declaring:

(1)    Defendants Turner and City of Houston have a statutory duty to produce the governmental records responsive to Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT;

(2)    Defendant Turner's and City of Houston's production of the governmental records responsive to Hopkins' applications for public information received by Defendant Turner on or about April 29, 2016 at 12:49:20 PM PDT and/or June 20, 2016 at 10:26:40 AM PDT would not have granted Hopkins "any special right of access to the [City of Houston's governmental records] different from or greater than that accorded the public generally" under the Texas Public Information Act;

(3)    Hopkins had a First Amendment right to use the Texas Public Information Act to gather information relating to matters of public concern;

(4)    The selection of a police chief is a matter of public concern;

(5)    Defendants Turner and Acevedo conspired to intentionally deprive Hopkins of his right engage in speech regarding Defendant Acevedo's application, candidacy, and/or selection for the City of Houston's police chief; and,

(6)    Defendants Turner, Acevedo, Evans, and City of Houston deprived Hopkins of his First Amendment rights.

**Count 3 - Violation of Freedom of Speech of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983**

17.    a.    Plaintiff realleges and incorporates in this Count 3 all of the preceding paragraphs.

*Plaintiff's Original Petition and Requests for Disclosure*    Page 8 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 8 of 92

**EXHIBIT D**

b.      Defendants intentionally denied Plaintiff's Due Process rights protected under the First and Fourteenth Amendment to the United States Constitution.

### Count 4 - Violation of Right to Due Process according to the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

18.   a.      Plaintiff realleges and incorporates in this Count 3 all of the preceding paragraphs.

b.      Defendants intentionally denied Plaintiff's Due Process rights protected under the Fifth and Fourteenth Amendment to the United States Constitution.

### .VII.  CONDITIONS PRECEDENT

19.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### VIIII.  ATTORNEY FEES

20.     In the event that the Hopkins retains legal counsel, Hopkins respectfully asks the Court to order the Defendants to pay reasonable and necessary attorney fees and costs to Hopkins, pursuant to § 552.323, Texas Government Code.

### X.  REQUESTS FOR DISCLOSURE

21.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2.

### XII. OBJECTION TO ASSOCIATE JUDGE

22.     Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits.

### XII. JURY DEMAND

23.     Plaintiff demands a jury trial.

*Plaintiff's Original Petition and Requests for Disclosure*          Page 9 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 9 of 92

**EXHIBIT D**

## XI.  PRAYER

Based on the foregoing, Plaintiff Jermaine Hopkins, respectfully requests that the Defendants be cited to appear and answer, on final trial, that Plaintiff be awarded a judgement against Defendants for the following:

a.    A writ of mandamus;

b.    Declaratory relief;

d.    All applicable attorney's fees and costs;

e.    An award to Plaintiff for liquidated damages and civil penalties where provided by law;

f.    An award of prejudgment interest and post-judgment interest as provided by law; and,

g.    All other relief to which Plaintiff is justly entitled in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

JERMAINE A. HOPKINS
Plaintiff, Pro Se

_/s/ Jermaine A. Hopkins_
Jermaine A. Hopkins
Plaintiff, _Pro Se_
1809 "S" Street, Suite 101-131
Sacramento, California 95811
Telephone: (408) 839-4904
jhop408@gmail.com

_**Plaintiff's Original Petition and Requests for Disclosure**_        Page 10 of 10

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 10 of 92

**EXHIBIT D**

# EXHIBIT A

**From: Jermaine Hopkins**
**Subject:** Your City's Consideration of Hubert Arturo Acevedo For Houston Chief-of-Police Position
**Date:** April 28, 2016 at 1:00 PM
**To:** sylvester turner
**Cc:** , sheryl sculley , jill deyoung , Andrew Solano , leilah powell , yolanda oden , Derek Roberts , Neil Schneuker , Akeem Brown , Keli Cabunoc , Choco Meza , gerald lopez , raul zamora , Joseph Cortez , Dan DeBauche , Patricia Garcia , Walter Ague , Justin Renteria , Frances Collins , Art Acevedo
**Bcc:**

Mr. Turner:

First and foremost, I am probably shooting myself in the foot with this e-mail because I really want to see Hubert Acevedo leave the City of Austin as a result of all of the trouble that he has created there. But, if I did not send you this e-mail, I would be undermining my own efforts of improving the quality of government. Hubert has "character issue[s]" that warrant his removal from law enforcement. He does not belong in any position of public trust. Again, I want him out of Austin, but I don't want to pawn a problem off another City. However, I do trust that you will not tolerate his conduct.

If hired, Hubert will generate a significant amount of liability for the City of Houston. His hiring will constitute negent hiring and I will ensure that a copy of this e-mail is provided to any attorney who brings a 42 U.S.C. 1983 claim against the City of Houston or its police department.

He currently resides at 2407 Stratford Drive, Austin, Texas 78646.

He has admitted in court records to taking nude photos of a female subordinate and showing them to his peers while employed by the California Highway Patrol. He subsequently denied this to the media.

Hubert was sued by an APD officer after Acevedo terminated him in retaliation for exercising his first amendment rights. The Court of Appeals for the Fifth Circuit upheld the suit against the City of Austin. Subsequent to the ruling, I was terminated for my own activity protected by the U.S. Constitution.

Hubert was determined to be unethical. He lied to the ethics review commission by testifying through an attorney whom he hired to circumvent his predated oath. He also withheld public information. The "unintentional" finding was the result of falsified documents that Hubert filed with the City Clerk.

Read Hubert's statements that he made to the media after he was purportedly reprimanded:
http://legacykvue.com/story/news/2015/05/25/22825/

Acevedo was recently reprimanded and suspended for actual acts of insubordination. He terminated me for tweeting about discrimination/retaliation that Hubert subjected me to. Read his twitter messages pertaining to the Austin City Manager which I am attaching hereto. He has since removed them after I complained to the Austin City Manager. A copy of Hubert's reprimand from City of Austin management is also attached. Currently, Hubert is rallying the troops against City Manager Marc Ott in response to the insubordination that he has admitted to and a copy of that article by Hubert's friend, Phil Jankowski, is attached to this communication as well. Please note that, like Mr. Tony Plohetsky, Mr. Jankowski is very loyal to Hubert, he even hangs out in Hubert's office while Hubert plays "Star Wars" (http://austin-blog.statesman.com/?t=...)

Hubert has no respect for women. He slapped a woman on the buttocks while the was in full uniform:
v=mM2vquvj-hs. Hubert is or was recently trying to have me criminally investigated as a result of sharing this video with elected officials.

Hubert even threatened Mrs. Nadia Stewart with retaliation. Again, he does not respect women and he has the propensity to retaliate against those who exercise their rights. Please see the attached letter from Karen Kennard to Craig Deets.
http://www.austinchronicle.com/city/news/2015/... and
http://www.mystatesman.com/news/... Also, even the NAACO confirmed that there have been three formal complaints filed against Hubert pertaining to retaliation.
voices-concerns-over-chief-acevedo/nnxmF/m658w/

The Department of Labor has found the City of Austin in violation of the laws that it enforces as a result of Hubert's poor administration:
http://legacykvue.com/story/news/2015/...

As a result of Hubert's withholding of public information, and the City of Austin's withholding off public information to cover for Hubert, the City of Austin has spent $300,000 to defend against my pro se lawsuits. The City hired a lawyer and firm who donate money to Judge Lora Livingston, the judge whom the City had self-assigned to the litigation.

The EEOC found that Hubert violated the laws that it enforces:
et-hopkins.

See http://www.kvue.com/news/local/... and
http://www.kvue.com/news/local/... 

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 11 of 92

# EXHIBIT D

Please reference the attached documents. Also, please thoroughly read the complaints and petitions in lawsuits filed against Hubert Acevedo in Travis County (state and federal). Lastly, please look at the disproportionate discipline that Hubert administers between black and non-black officers...again, he is a liability.

Also, it is my understanding that Hubert is currently engaged or was recently engaged in an extramarital affair. I also understand that this wife arrived at Austin Police Headquarters visibly upset as a result of her learning of the alleged affair. He had an affair on his previous wife. Hubert has said that dishonesty necessitates one's removal from law enforcement. However, if he lies to his wife, he will lie to you and the courts. In fact, he has committed perjury on several occasions.

Jermaine A. Hopkins
jhop408@gmail.com

## "Injustice anywhere is a threat to justice everywhere."
### — Dr. Martin Luther King, Jr.

2012-acevedo-
case.pdf



20 - Def
Aceved...int.pdf



REMOVED
04262...tter.pdf



Austin city
manag...om.pdf



Hopkins.pdf



City of Austin
**Ethics Review Commission**

### LETTER OF NOTIFICATION

**To:**      Hubert "Art" Acevedo

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 12 of 92

# EXHIBIT D

**FROM:**   City of Austin Ethics Review Commission

**DATE:**   February 3, 2015

**RE:**   Determination of Sanctions under City Code, Section 2-7-48

---

In accordance with Chapter 2-7 of the Austin City Code, this letter is to advise you that the City of Austin Ethics Review Commission (the "Commission") has completed its consideration of the amended complaint filed against you with the Commission on December 22, 2014.

The amended complaint alleges that you violated Section 2-2-72 of the Austin City Code ("Section 2-2-72"). Following completion of the hearing procedures in Article 3 of Chapter 2-7, the Commission determined that a violation occurred. Specifically, the Commission found that you violated Section 2-2-72 by failing to file a public statement of financial information for the year 2012 by the last Friday in April of 2013.

The Commission further determined that this violation was clearly unintentional. The Commission notifies you that in order to avoid future violations, you should follow up to confirm that your statement of financial information has been filed and that it was received by the City Clerk's Office. You should also obtain written confirmation of the filing being received by the City Clerk's Office.

Based on those determinations, the Commission issues this Letter of Notification to you.

This action is effective as of January 27, 2015.

CITY OF AUSTIN ETHICS REVIEW COMMISSION

By: _____
          Commission Vice-Chair Peter Einhorn



Dr. Sam Strauss
on Twit...re.".pdf



Selena Kuglin on
Twitter...ce".pdf



310556310-
Reprim...do.pdf

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 13 of 92

**EXHIBIT D**

Reprim...d0.pdf



APD chief
punish...om.pdf

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 14 of 92

**EXHIBIT D**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

No. 10-51236

Lyle W. Cayce
Clerk

TONY SMITH,

Plaintiff – Appellant

v.

HUBERT ARTURO ACEVEDO, also known as Art Acevedo, In his official capacity as Chief of Police of the City of Austin and in his personal capacity; MIKE CRONIG, In his official capacity as Assistant City Attorney of the City of Austin and in his personal capacity; CITY OF AUSTIN,

Defendants – Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-620

---

Before BENAVIDES, STEWART, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tony Smith ("Smith") brought this §1983 suit claiming that defendants: (1) wrongfully terminated him as an Austin, Texas police officer based on an unconstitutional Austin Police Department ("APD") General Order [A201.04(G)(2)]; (2) retaliated against him for exercising his First Amendment rights; (3) deprived him of his "liberty and property rights," in violation of §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 15 of 92

**EXHIBIT D**

No. 10-51236

1983; (4) committed the Texas state tort of defamation; and (5) conspired together to slander him. The parties then filed cross-motions for summary judgment. The district court granted summary judgment in favor of Smith with respect to his claim that the APD General Order A201.04(G)(2) was an unconstitutional prior restraint of free speech. The district court otherwise denied Smith's motion for summary judgment, and granted the defendants' motion for summary judgment on all remaining claims. Smith now appeals.

## FACTS AND PROCEDURAL HISTORY

### I.   *Factual Background*

Smith is a former police officer for the City of Austin, Texas ("the City"), who was terminated for insubordination, undermining the Chief of Police's authority, and misusing the City computers. In part, Smith's termination resulted from his 2005 agreed upon and non-appealable 60-day suspension for various violations of APD General Orders. As described below, many of the facts of this case are undisputed and were presented in a quasi-judicial post-termination appeal hearing conducted by an independent hearing examiner.

On May 30, 2008, Chief Hubert Acevedo ("Acevedo") terminated APD Sergeant Dustin Lee and issued a memorandum explaining that Lee had been terminated for sexual harassment and dishonesty. Three days later, Smith was serving as a patrol officer on the evening shift based out of the Central East Substation in Austin, Texas, when he overheard several other officers discussing Lee's termination. During this discussion, Smith recalled reading a newspaper article indicating that Acevedo had been accused of sexual harassment at a former job. Because Smith believed it was "ironic" that Acevedo had previously been accused of sexual harassment, but had terminated Lee, Smith went into the "show-down" room to use a City computer to conduct

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 16 of 92

**EXHIBIT D**

No. 10-51236

additional research into the allegations against Acevedo.[1]  While researching,
Smith found a website that contained potentially embarrassing allegations
against Acevedo, copied that information to a word document, and printed the
document from a City printer.  Smith then showed the document to Officers
Anderson and Justesen.  Upon showing Anderson the document, Smith
questioned: "How is Acevedo going to terminate Lee when he did the same
thing?"[2]

Later, Smith posted the document on the bulletin board in the "show-
down" room, where it could be viewed by officers of every patrol shift.  Smith
acknowledged that the allegations contained in the document were potentially
personal and highly embarrassing to Acevedo, and that he did not know
whether the allegations were true.  At the conclusion of the evening shift (the
next morning), Officer James Purcell noticed the document and reported
Smith's actions to Sergeant Slater, a supervisor of another shift.  Sergeant
Slater reported the incident up the chain of command to Commander Rob
Gamble.  Believing that the incident was a violation of APD's General Orders,
Commander Gamble initiated an Internal Affairs ("IA") complaint against
Smith.  On June 16, 2008, Smith signed a memorandum acknowledging his
receipt of the IA complaint.

After conducting an investigation, IA sent an "Investigative Summary"
memorandum to Acevedo on August 6, 2008.  According to the Investigative
Summary, IA interviewed Smith,[3] Purcell, and Justesen, and received written
statements from Sergeant Slater and Anderson.  The Investigative Summary

---

[1] The "show-down" room is where officers return to after their respective shifts and
draft reports and turn in evidence.

[2] It is not exactly clear what Smith said, but both parties cite to facts that indicate
Smith said something along these lines.

[3] Smith was represented by counsel during the IA interview.

3

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 17 of 92

**EXHIBIT D**

No. 10-51236

concluded by recommending that the allegations against Smith be sustained for
(1) violation of APD General Order A312.03(A)(1), for improper computer use;
and (2) violation of APD General Order A201.04(G)(2), for criticizing the APD
in a way that was defamatory and undermined its effectiveness.

On August 27, 2008, APD conducted a Disciplinary Review Hearing
("DRH"). Because Acevedo was involved in the subject matter of the complaint,
Acevedo recused himself and appointed Assistant Chief Holt. Prior to the DRH,
Smith and his attorney were able to review the charges and evidence against
him.

At the outset of the DRH, Smith was advised that Acevedo, as Chief of
Police, was considering adding an additional allegation of insubordination
against him.[4] During the DRH, Smith was provided the opportunity to answer
questions and make statements. He did both. Smith also submitted a written
statement wherein he admitted, "I understand that some of my actions were
violations of department policy." At the conclusion of the DRH, Sergeant
Hightower, Lieutenant Rosch, and Commander Gamble (collectively "Smith's
chain of command")[5] recommended to Acevedo that all allegations, including the
additional allegation of insubordination, be sustained against Smith.[6] Acevedo
agreed with the recommendation and sustained all of the allegations against
Smith.

---

[4] Although the record does not indicate the specific basis for this recommendation, APD
policy defines insubordination as "[d]efying the authority of any supervisor by obvious
disrespect, arrogant or disrespectful language or conduct, ridicule, or bold challenge to orders
issued." APD General Order A201.04(E)(2).

[5] "Chain of command" is used throughout the parties' briefs in order to describe an
officer's supervisors.

[6] Although Acevedo could recuse himself from attending the DRH, he could not recuse
himself from making the final disciplinary decision. According to Texas civil service law, the
police chief has the sole authority to suspend or terminate police officers. *See* TEX. LOC. GOV'T
CODE § 143.052(b).

4

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 18 of 92

**EXHIBIT D**

No. 10-51236

After the DRH, Acevedo offered Smith the opportunity to resign or to take a 30-day unpaid suspension in lieu of termination. Smith declined both offers. However, Smith's chain of command had recommended that Smith be terminated. Before deciding the appropriate disciplinary action, both Smith's chain of command and Acevedo reviewed Smith's work history.

On September 10, 2008, Acevedo issued a memorandum ("2008 memorandum"), drafted by Mike Cronig ("Cronig"), terminating Smith. According to the 2008 memorandum, Smith's termination was based in-part on a 2005 memorandum, which indicated that Smith had been suspended for sixty days for violating five APD rules and regulations. Specifically, the 2005 memorandum indicated that Smith violated: (1) A201.02(H)(1), "Associating with Persons of Bad Reputations"; (2) A201.03(E)(3)(d) & (e), "Unethical Interference with Investigation of Legal Process"; (3) A201.01(C)(1) & (2), committing Texas state law crimes of criminal conspiracy and money laundering; (4) A201.04(E)(1), for insubordination; and (5) A312.03(A)(1), for unauthorized computer use.[7] The 2008 memorandum acknowledged that Smith signed the 2005 memorandum acknowledging the receipt of the 2005 memorandum and his understanding that he forfeited his right to appeal the 60-day suspension in return for the then-Chief of Police Knee not exercising his right to terminate Smith for the violations. Based on Smith's conduct as reported in the 2005 memorandum and the 2008 APD violations, Acevedo signed the 2008 memorandum terminating Smith.

---

[7] In 2005, Smith entered into an agreed 60-day unpaid suspension for conduct associated with his sexual relationship with a known user of methamphetamine. During the relationship, Smith used APD computers to conduct warrant searches on his paramour at her request, failed to arrest or detain his paramour after he believed she had purchased drugs, advised his paramour that she could conceal a drug transaction by obtaining a receipt for cleaning services from her drug dealer, and continued to see his paramour despite his chain of command's directive to terminate the relationship.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 19 of 92

**EXHIBIT D**

No. 10-51236

Soon after his 2008 termination, Smith exercised his right to appeal to an independent hearing examiner. Smith was represented by a lawyer throughout the entire appeal process. Both parties were able to present documentary evidence, subpoena witnesses, examine and cross-examine witnesses, make evidentiary objections to the hearing examiner, and present opening statements and closing arguments. Moreover, witnesses were placed under oath, the rule[8] was invoked, and a transcript was made of the proceedings.

On May 4, 2009, the hearing examiner issued a written opinion upholding Acevedo's decision to terminate Smith based on his finding that Smith violated all three of the cited APD General Orders, as well as his finding that the 2005 discipline had failed to correct Smith's conduct. Because Smith could not appeal the hearing examiner's decision to a Texas state court, *see* TEX. LOC. GOV'T CODE § 143.057(j), Smith filed this suit in the District Court for the Western District of Texas, Austin Division.

*II.   Procedural Background*

On August 14, 2009, Smith brought suit against defendants Acevedo, Cronig, and the City (collectively "the defendants"), alleging that: (1) Acevedo and Cronig denied him his due process rights, in violation of 42 U.S.C. § 1983; (2) Acevedo and Cronig wrongfully retaliated against him by terminating his employment as an Austin Police Officer for exercising his First Amendment rights; (3) the City has a policy that imposes a prior restraint on free speech in violation of the First Amendment; (4) defendants committed the state law tort of defamation against him; and (5) defendants conspired to slander him. The defendants timely answered Smith's complaint, denied the claims against them, and asserted several affirmative defenses. Specifically, Acevedo and Cronig

---

[8] Although there is no reference to the specific rule invoked, we can assume that the parties were referring to the exclusion of witnesses from the hearing under Federal Rule of Evidence 615 because this is in the context of a hearing where witnesses were examined.

6

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 20 of 92

**EXHIBIT D**

No. 10-51236

assert, *inter alia*, that they are entitled to qualified immunity for Smith's federal claims, and official immunity for Smith's state law defamation and slander claims. The City asserts that it is entitled to sovereign or governmental immunity.

On August 2, 2010, the defendants filed their motion for summary judgment. Smith then filed his motion for summary judgment. After reviewing the parties' motions, the district court granted Smith's motion for summary judgment with respect to his claim that APD General Order A201.04(G)(2), prohibiting criticism of the departments, is an unconstitutional prior restraint on free speech. The district court otherwise denied Smith's motion for summary judgment, and granted the defendants' motion for summary judgment on all remaining claims.

On September 20, 2010, the district court entered its final judgment, awarding Smith nominal damages in the amount of one dollar, plus all costs, with respect to his claim that APD General Order A201.04(G)(2) is a facially unconstitutional prior restraint of free speech. In addition, the district court entered its final judgment for the defendants on all remaining claims and taxed all costs of defending the suit against Smith.

Thereafter, Smith filed two motions for reconsideration. The district court denied both. Aggrieved by the district court's final judgment, Smith timely appealed.

**STANDARD OF REVIEW**

We review a district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *United States v. Caremark, Inc.*, 643 F.3d 808, 814 (5th Cir. 2011). Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A genuine issue of

7

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 21 of 92

**EXHIBIT D**

No. 10-51236

material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A]ll facts and evidence must be taken in the light most favorable to the non-movant." *LeMarie v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). To avoid summary judgment, however, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). This court is "not limited to the district court's reasons for its grant of summary judgment" and "may affirm the district court's summary judgment on any ground raised below and supported by the record." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008).

## DISCUSSION

On appeal, Smith raises four issues challenging the district court's order granting in-part and denying in-part the parties' motions for summary judgment. Smith claims the district court erred in holding that: (1) Smith suffered "no actual damage" with respect to his claim that APD General Order A201.04(G)(2) constituted an unconstitutional prior restraint of his right to free speech; (2) an officer is guilty of insubordination when that officer defies a rule or regulation that is later determined to be unconstitutional; (3) Acevedo and Cronig were entitled to qualified immunity; and (4) Smith was entitled only to $2500.00 in attorney's fees.

*I.    Actual Harm*

Smith claims that the district court erred in holding that he suffered "no actual harm," despite the district court's finding that APD General Order A201.04(G)(2), prohibiting criticism of the department, constituted an unconstitutional prior restraint on free speech, in violation of the First Amendment. In other words, Smith asserts, but for violating an APD General

8

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 22 of 92

**EXHIBIT D**

No. 10-51236

Order that was later determined to be unconstitutional, he would not have been terminated. Furthermore, Smith states that the district court's reliance on his statement – "The reasons for the disciplinary action . . . were insubordination, criticism of Acevedo, and unauthorized computer use. Any of these infractions could have resulted in Plaintiff's termination" – was erroneous because he was terminated based primarily on criticizing Acevedo, the violation that was later determined to be unconstitutional as a prior restraint on free speech.

To the contrary, defendants claim that "Acevedo could have, and did in fact, terminate Smith for violations of other applicable [APD] General Orders as well as his prior disciplinary history." Defendants primarily rely on the 2008 memorandum which focuses on Smith's conduct as a whole; not on the fact that Smith violated a particular APD General Order. This included "Smith's work performance, his disciplinary history, his presentation to Internal Affairs and the [DRH], his working relationship with his peers, his untruthfulness, his attempts to mitigate his true culpability . . . [and] Smith's sustained violations, especially his 2005 conduct . . . ." The defendants also cite to the DRH's independent hearing officer's opinion in which the hearing officer stated:

> The 2005 agreed suspension was for very serious misconduct. The misconduct in this case is also serious. Because the computer and insubordination charges are sustained in both cases, it is apparent that the prior discipline did not correct the misconduct. Therefore, it appears that an indefinite suspension is an appropriate discipline in this case.

As the district court granted defendants summary judgment as to actual harm, we view the facts and evidence with regard to such issue "in the light most favorable to the [Smith]." *See LeMarie*, 480 F.3d at 387. Nevertheless, it is clear that, beyond violation of APD General Order A201.04(G)(2), Smith was terminated based on his work performance, his disciplinary history, and sustained violations for unauthorized computer use and insubordination in both

9

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 23 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 24 of 92

No. 10-51236

2005 and 2008. Moreover, assuming that Smith was not charged with violating APD General Order A201.04(G)(2), Smith conceded that he could have been terminated based upon the insubordination or unauthorized computer use violations. Although Smith argues that he would not have been terminated for those infractions, he fails to cite any evidence in the record to create a genuine dispute with the 2008 memorandum, which places significant emphasis on his recidivism. Based on these facts, it is clear that Smith suffered no actual harm for violating an unconstitutional APD General Order because Smith would have been terminated notwithstanding that violation.

## II.  Finding of Insubordination

Here, Smith claims that the district court erred in determining that his behavior was "clearly insubordinate" because "defiance of a rule that is in violation of the First Amendment is NOT punishable as 'insubordination.'" Smith argues that the City's disciplinary process defines insubordination differently than the district court; and therefore, the district court erred in determining that he was insubordinate.

Because the district court granted summary judgment in favor of defendants with respect to this claim, this court must view "all facts and evidence . . . in the light most favorable to [Smith]." *LeMarie v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). However, Smith offers no evidence or authority in support of his claim that his insubordination charge stemmed solely from his violation of an unconstitutional APD General Order. Smith offers only the conclusory allegation that "any rule purporting to punish Tony Smith for disobeying [APD General Order A201.04(G)(2)] is likewise invalid and unenforceable."

Pursuant to APD General Order A201.04(E)(2), an officer is guilty of insubordination if he defies "the authority of any supervisor by obvious

10

**EXHIBIT D**

No. 10-51236

disrespect, arrogant or disrespectful language or conduct, ridicule, or bold challenges to orders issued . . . ." APD General Order A201.04(E)(2). In contrast to Smith's argument, insubordination does not require a violation of a APD General Order, much less violation of APD General Order A201.04(G)(2). Prior to posting the highly personal and embarrassing allegations about Acevedo, Smith showed that information to two other officers in response to Acevedo's termination of Lee. Smith further commented to at least one other officer that Acevedo's termination of Lee was hypocritical, or "How is he (Acevedo) going to terminate Lee for sexual harassment when he (Acevedo) did the same thing?" Here, it is evident that Smith's conduct was disrespectful and was obviously intended to ridicule Acevedo and his decisions concerning the APD. According to APD General Order A201.04(E)(2) and the record before us, the district court correctly determined that Smith's conduct constituted insubordination, regardless of whether it also violated APD General Order A201.04(G)(2).

### III.   *Qualified Immunity and Due Process Claims*

In his first amended complaint, Smith contends that the defendants deprived him of his (1) property interest in his reputation; (2) his liberty interest in free speech and freedom of the press;[9] and (3) liberty and property interest in his employment. The district court, however, dismissed Smith's claims because Smith failed to establish a violation of his due process rights, some or all of Smith's claims were time barred by the statute of limitations, and the evidence established that the defendants were entitled to qualified immunity.

---

[9] On appeal, Smith fails to challenge the district courts holding with respect to this issue. Therefore, we do not address this issue here.

11

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 25 of 92

**EXHIBIT D**

No. 10-51236

Initially, it should be noted that Smith's brief to this court fails to specifically argue that the district court erred when it determined Smith was not deprived of his liberty or property interest. Instead, Smith makes the conclusory statement that defendants are not entitled to qualified immunity because they acted without the authority of law.[10] The only factual evidence Smith seems to rely on comes from his reply to the defendants' response to plaintiff's motion for summary judgment.

In his reply, Smith states that Cronig drafted the 2005 memorandum containing the money laundering and criminal conspiracy charges but made no effort to support those charges with any evidence. Smith claims that Cronig then drafted the 2008 memorandum and inserted the 2005 money laundering and criminal conspiracy charges without further investigating the truth of those charges. Finally, Smith asserts that when Acevedo and Cronig published the 2008 memorandum they violated his due process rights because neither of them knew of any evidence to support the 2005 money laundering and criminal conspiracy charges.

Here, it is apparent that Smith is trying to challenge the authenticity of the 2005 money laundering and criminal conspiracy charges by claiming that the defendants, in 2008, did not have any evidence to support their allegations that Smith committed the 2005 offenses. However, to the extent that Smith alleges due process violations that occurred in 2005, his claims are time barred.

Because § 1983 does not have a designated statute of limitations, the forum state's general tort statute of limitations applies; in Texas, this statute of limitations period is two years. *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (Tex. 2005). Smith signed the 2005 memorandum on April 20, 2005;

---

[10] Smith attempts to make an *ultra vires* claim against defendants, but again cites only to case law and concludes, without more, that defendants acted without authority of law and are therefore not entitled to qualified immunity.

12

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 26 of 92

**EXHIBIT D**

No. 10-51236

he brought this suit on August 14, 2009. Therefore, any claims stemming from the process he received in 2005 are time barred.

*IV.    Attorney's Fees*

In its final judgment, the district court ordered that the City of Austin pay costs associated with the claim on which Smith prevailed, and that Smith should pay costs for the remaining claims. Thereafter, both parties filed their motions for attorney's fees and bill of costs.

Title 42 U.S.C. § 1988 provides that in a federal civil rights action "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." *See* 42 U.S.C. §1988(b). In *Jimenez v. Wood County, Tex.*, 621 F.3d 372 (5th Cir. 2010), we restated the basic procedure and standard for determining attorney's fees:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The court must provide a reasonably specific explanation for all aspects of a fee determination.    We review the award for abuse of discretion.

621 F.3d at 379-80 (internal citations and quotation marks omitted). According to *Johnson*, the following factors are to be considered when setting a reasonable award of attorney's fees: (1) time and labor required; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or the circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11)

13

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 27 of 92

**EXHIBIT D**

Case: 10-51236    Document: 00511866524    Page: 14    Date Filed: 05/24/2012
Case 4:16-cv-03773    Document 14    Filed in TXSD on 12/30/16    Page 28 of 110

No. 10-51236

nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

In his motion for attorney's fees, Smith seeks approximately $100,000. According to Smith, Bill Gammon billed seventy-three hours at a rate of $400 per hour and David Roger, Gammon's associate, billed 252 hours at a rate of $250 per hour. Smith then applies a multiplier of 1.2 to each of his attorneys' fees based on the Court of Appeals for the Ninth Circuit's approval of a 2.0 multiplier.[11] Thus, Smith requested attorneys' fees of $88,512. In addition, Smith claims that Rogers spent $192.00 in process service costs, $2,361.10 in deposition costs, $1,718.80 in photocopying and printing costs, $4,475 as payment for paralegal research and document drafting, and $1,182.50 as payment for legal secretary case management. Thus, Smith claims a total of $98,441.40 in attorney's fees and costs.

However, based on the district court's calculation, Smith was awarded attorney's fees and costs in an amount significantly less than that requested. The district court determined:

> Having considered all of the *Johnson* factors, the evidence provided by Smith's counsel, and the arguments and objections of the parties, the district court awarded Smith $2,500 in attorney's fees and costs. This sum appropriately reflects Smith's very limited success, while still recognizing the useful time spent by counsel, the minor controversy involved in the case, and the importance of civil rights litigation.

---

[11] In *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996), the Ninth Circuit affirmed a district court's determination that a 2.0 multiplier to the lodestar figure applied because of "the extreme undesirability of the case, the likelihood that no other attorney on island would have accepted the case, and the rare and exceptional nature of the case, particularly in the small island community of Guam" and "[s]uch an enhancement is clearly necessary to a reasonable fee where the district court finds that the case is of the type that attorneys are unwilling to take for fear of ostracization and out of concern for their personal safety." 100 F.3d at 697. Neither Smith's motion for attorney's fees nor his brief to this court provide reasons as to why we should adopt the approach of the Ninth Circuit in applying their 2.0 enhancement theory.

14

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 28 of 92

**EXHIBIT D**

Here, Smith claims that the district court erred in awarding $2,500 in attorney's fees and costs because the *Johnson* factors support a more substantial award. Smith notes that while a district court has the discretion to reduce the fee award based on the plaintiff's lack of success, a reduction of approximately 97.5% is excessive.

"Where a decision awarding attorneys' fees is adequately supported by the record and the district court has explained its reasons for the award, there is no abuse of discretion." *Freiler v. Tangipahoa Parish Bd. Of Educ.*, 185 F.3d 337, 348 (5th Cir. 1999) (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 851 (5th Cir.1998)). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citations omitted). Here, Smith received nominal damages of one dollar instead of the approximately $650,000 in actual damages that he sought. Smith's relatively minor success in this case accomplished little beyond giving him "the moral satisfaction of knowing that a federal court concluded that his rights had been violated." *See Hewitt v. Helms*, 482 U.S. 755, 762 (1987).

In this case, the district court "flatly reject[ed]" Smith's claims for fees and awarded Smith $2,500. Citing *Farrar*, the district court reasoned that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." 506 U.S. at 115. The district court found that Smith's recovery met this description. Nevertheless, the district court considered the *"Johnson* factors, the evidence provided by Smith's counsel, and the arguments and objections of the parties" and determined that Smith should not be denied attorney's fees entirely. Instead, the district court determined that "Smith's very limited success, while still recognizing the useful time spent by counsel,

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 29 of 92

**EXHIBIT D**

No. 10-51236

the minor controversy involved in this case, and the importance of civil rights litigation," entitled Smith to $2,500 in attorney's fees and costs.

While Smith brought multiple claims against the defendants he succeeded on only one of them for which he was awarded only nominal damages of one dollar. Based on the record before us, the district court did not abuse its discretion in awarding Smith $2,500 in attorney's fees.

## CONCLUSION

Based on the foregoing analysis, the district court's order granting in-part and denying in-part Smith's motion for summary judgment is AFFIRMED.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 30 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 31 of 92

1  RAPHAEL COTKIN, SBN 35892
2  C. EDWARD LANGHAMMER, JR., SBN 100991
   COTKIN, COLLINS & GINSBURG
3  A PROFESSIONAL CORPORATION
   300 South Grand Avenue, 24th Floor
   Los Angeles, CA 90071-3134
4  Telephone:  (213) 688-9350
   Facsimile:  (213) 688-9351
5  Email:     ccl@ccglaw.cc / rxc@ccglaw.cc

6  Attorneys for Defendant
   HUBERT ARTURO ACEVEDO
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 CYNTHIA MARTINEZ,                    )   Case No. EDCV04-1160 CAS (SGLx)
                                        )   Judge:  Hon. Christina A. Snyder
12              Plaintiff,              )
                                        )   ANSWER AND AFFIRMATIVE
13      vs.                             )   DEFENSES TO THIRD AMENDED
                                        )   COMPLAINT; DEMAND FOR
14 DEPARTMENT OF CALIFORNIA             )   JURY TRIAL
   HIGHWAY PATROL, a division of        )
15 the BUSINESS,                        )
   TRANSPORTATION AND                   )
16 HOUSING AGENCY OF THE                )
   STATE OF CALIFORNIA, and             )
17 HUBERT ARTURO ACEVEDO,               )
                                        )
18              Defendants.             )
                                        )
19

20      Defendant Hubert Arturo Acevedo ("Acevedo" or "Defendant"), an

21 individual, for himself alone and for no other defendant, answers the allegations

22 of Plaintiff's "Third Amended Complaint" ("Complaint") dated February 28,

23 2006, and admits, denies and alleges as follows:

24      On July 5, 2005 the Court granted in part and denied in part Defendant's

25 Motion to Dismiss Plaintiff's First-Amended Complaint pursuant to Federal

26 Rules of Civil Procedure 12(b)(6) ("Dismissal Order").  The Court dismissed

27 with prejudice Plaintiff's Second, Third, Fourth and Fifth Causes of Action of

28 said First Amended Complaint and ordered Plaintiff to amend the Complaint,

**EXHIBIT D**

1   which Plaintiff did.  On March 20, 2006, the Court accepted a stipulation and
2   made an order for the filing of this Third Amended Complaint.  Plaintiff has
3   abandoned her alleged claim against this Defendant for breach of the common
4   law right of privacy (public disclosure of private facts and images) previously set
5   forth as the Third Cause of Action in the Second Amended Complaint.
6        1.    Defendant admits that Plaintiff has brought federal claims pursuant
7   to Title VII, 42 U.S.C. § 2000, et seq. as amended by the Civil Rights Act of
8   1991, 42 U.S.C. § 1981a, and said claims have been brought only against
9   defendant Department of California Highway Patrol, a division of the Business,
10  Transportation and Housing Agency of the state of California ("Defendant CHP"
11  or "CHP").  Defendant admits that this Court has supplemental jurisdiction over
12  Plaintiff's claim against Defendant as set forth in the Third Amended Complaint,
13  although this Defendant denies any implication, any other statute or cause of
14  action as stated in the Third Amended Complaint, if any, are implicated by the
15  conduct as alleged or that Plaintiff has complied with applicable provisions of
16  any of the statutes as alleged.  Except as expressly so admitted, Defendant denies
17  the allegations of paragraph 1 of the Complaint.
18       2.    Defendant admits the allegations of paragraph 2 of the Complaint.
19       3.    Defendant admits, that prior to Dismissal Order, Plaintiff
20  commenced this action purporting to assert claims against this Defendant and
21  Defendant California Highway Patrol ("CHP").  Pursuant to the Dismissal Order,
22  this Defendant is not a party and is not named as a defendant in Plaintiff's
23  alleged claims of "sexual harassment" or "sexual misconduct" pursuant to federal
24  or state law.  Pursuant to the Dismissal Order, the Court has determined as a
25  matter of law that Defendant did not sexually harass Plaintiff or commit any
26  "sexual misconduct."  Except as expressly so admitted, Defendant denies each
27  and every allegation of paragraph 3 of the Complaint.  Defendant further denies
28  that Plaintiff is entitled to attorneys fees or costs from this Defendant.

- 2 -

299658-1.wpd

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 32 of 92

**EXHIBIT D**

4.      Defendant admits that Plaintiff is a female resident of the State of California.  Except as expressly so admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      Defendant admits that he is a male resident of the State of California, currently employed as a Deputy Chief for CHP.  Except as expressly so admitted, Defendant denies the allegations of paragraph 6 of the Complaint.

7.      On information and belief, Defendant admits the allegations of paragraph 7 of the Complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.      Defendant admits the allegations of paragraph 10 of the Complaint.

11.      Defendant admits the allegations of paragraph 11 of the Complaint.

12.      Defendant admits the allegations of paragraph 12 of the Complaint.

13.      Defendant denies the allegations of paragraph 13 of the Complaint.

14.      Defendant admits that photographs were taken.  Except as expressly so admitted, Defendant denies the allegations of paragraph 14 of the Complaint.

15.      Defendant denies the allegations of the first sentence of paragraph 15.  Defendant admits that photographs were taken and except as expressly so admitted, Defendant denies the allegations of paragraph 15 of the Complaint.

16.      On information and belief, Defendant admits his relationship with Plaintiff ended.  Except as expressly so admitted, Defendant denies each and every allegation of paragraph 16 of the Complaint.

17.      On information and belief, Defendant admits he gave the photographs to Plaintiff after she asked him to give them to her.  Except as

- 3 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 33 of 92

200658-1.wpd

**EXHIBIT D**

1  expressly so admitted, Defendant denies each and every allegation of paragraph
2  17 of the Complaint.

3       18.    On information and belief, Defendant admits he did not personally
4  destroy the photographs in that he gave the photographs to Plaintiff.  Except as
5  expressly so admitted, Defendant denies each and every allegation of paragraph
6  18 of the Complaint.

7       19.    Defendant denies each and every allegation of paragraph 19 of the
8  Complaint.

9       20.    Defendant admits that before the photographs were given to Plaintiff,
10  while traveling in his personal vehicle, off duty and returning from dinner with
11  his passenger, Jim Abele, Abele opened the glove compartment of Acevedo's
12  personal truck to obtain a tissue and inadvertently found the photographs
13  underneath a pile of napkins.  Except as expressly so admitted, Defendant denies
14  each and every allegation of paragraph 20 of the Complaint.

15       21.    Defendant incorporates by reference his response to paragraph 20 of
16  the Complaint.  Defendant admits that he requested  Abele not to discuss the
17  photographs.  Except as expressly so admitted, Defendant is without knowledge
18  or information sufficient to form a belief as to the truth of each and every other
19  allegation of paragraph 21 of the Complaint.

20       22.    Defendant denies each and every allegation of paragraph 22 of the
21  Complaint.  Pursuant to the Dismissal Order, the Court has determined as a
22  matter of law that Defendant did not sexually harass Plaintiff.

23       23.    Pursuant to the Dismissal Order, the Court has determined as a
24  matter of law that Defendant did not sexually harass Plaintiff or commit any
25  "sexual misconduct."  Defendant is without knowledge or information sufficient
26  to form a belief as to the truth of each and every other allegation of paragraph 23
27  of the Complaint.
28  / / /

- 4 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 34 of 92

296658-1.wpd

**EXHIBIT D**

1    24.    Defendant denies each and every allegation of paragraph 24 of the

2    Complaint.

3    25.    Defendant denies each and every allegation of paragraph 25 of the

4    Complaint.

5    26.    Defendant denies each and every allegation of paragraph 26 of the

6    Complaint.

7    27.    Defendant denies each and every allegation of paragraph 27 of the

8    Complaint.

9    28.    Defendant denies each and every allegation of paragraph 28 of the

10    Complaint.

11    29.    Pursuant to the Dismissal Order, the Court has determined as a

12    matter of law that Defendant did not sexually harass Plaintiff or commit any

13    "sexual misconduct." Defendant denies each and every allegation of paragraph

14    29 of the Complaint.

15    30.    Defendant denies each and every allegation of paragraph 30 of the

16    Complaint.

17    31.    Defendant denies each and every allegation of paragraph 31 of the

18    Complaint.

19    32.    Defendant denies each and every allegation of paragraph 32 of the

20    Complaint.

21    33.    Pursuant to the Dismissal Order, the Court has determined as a

22    matter of law that Defendant did not sexually harass Plaintiff. Defendant admits

23    that he has promoted through the ranks and contends that his promotions were

24    earned. Except as expressly so admitted, Defendant denies each and every

25    allegation of paragraph 33 of the Complaint.

26    34.    Defendant denies each and every allegation of paragraph 34 of the

27    Complaint.

28    35.    Defendant admits the allegations of paragraph 35 of the Complaint.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 35 of 92

296658-1.wpd

**EXHIBIT D**

36.   Defendant admits the existence of the anonymous letter alleged. Except as expressly admitted, Defendant denies each and every allegation of paragraph 36 of the Complaint.  Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff.

37.   Defendant will not plead an answer to paragraph 37, which is a violation of his and third parties' right to privacy and a violation of their rights as police officers, and is a violation of the Court Order sealing the records.

38.   Defendant denies each and every allegation of paragraph 38 of the Complaint.

39.   Defendant denies each and every allegation of paragraph 39 of the Complaint.

40.   Defendant denies each and every allegation of paragraph 40 of the Complaint.

41.   Defendant denies each and every allegation of paragraph 41 of the Complaint.

42.   Defendant admits the first sentence of paragraph 42 and admits that Abele inadvertently saw the photographs as set forth in this Complaint.  Except as expressly admitted, Defendant denies each and every allegation of paragraph 42 of the Complaint.

43.   Defendant denies each and every allegation of paragraph 43 of the Complaint.  Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

44.   Defendant denies each and every allegation of paragraph 44 of the Complaint.  Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

/ / /

- 6 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 36 of 92

296658-1.wpd

**EXHIBIT D**

45.   Defendant denies each and every allegation of paragraph 45 of the Complaint.

46.   Defendant denies each and every allegation of paragraph 46 of the Complaint.

47.   Defendant denies each and every allegation of paragraph 47 of the Complaint.

48.   Defendant will not plead an answer to paragraph 48 which is a violation of his and third parties' right to privacy and a violation of their rights as police officers and is a violation of the Court Order Sealing Records.

49.   Defendant will not plead an answer to paragraph 49 which is a violation of his and third parties' right to privacy and a violation of their rights as police officers and is a violation of the Court Order Sealing Records.

50.   Defendant will not plead an answer to paragraph 50 which is a violation of his and third parties' right to privacy and a violation of their rights as police officers and is a violation of the Court Order Sealing Records.

51.   Defendant will not plead an answer to paragraph 51 which is a violation of his and third parties' right to privacy and a violation of their rights as police officers and is a violation of the Court Order Sealing Records.

52.   Defendant denies each and every allegation of paragraph 52 of the Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

53.   Defendant denies each and every allegation of paragraph 53 of the Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

54.   Defendant denies each and every allegation of paragraph 54 of the Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter

- 7 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 37 of 92

296658-1.wpd

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 38 of 92

1   of law that Defendant did not sexually harass Plaintiff or commit any "sexual
2   misconduct."

3       55.    Defendant denies each and every allegation of paragraph 55 of the
4   Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter
5   of law that Defendant did not sexually harass Plaintiff or commit any "sexual
6   misconduct."

7       56.    Defendant denies each and every allegation of paragraph 56 of the
8   Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter
9   of law that Defendant did not sexually harass Plaintiff or commit any "sexual
10  misconduct."

11      57.    Defendant is without knowledge or information sufficient to form a
12  belief as to the truth of each and every allegation of paragraph 57 of the
13  Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter
14  of law that Defendant did not sexually harass Plaintiff or commit any "sexual
15  misconduct."

16      58.    Defendant is without knowledge or information sufficient to form a
17  belief as to the truth of the allegations of paragraph 58 of the Complaint.

18      59.    Defendant is without knowledge or information sufficient to form a
19  belief as to the truth of the allegations of paragraph 59 of the Complaint.
20  Pursuant to the Dismissal Order, the Court has determined as a matter of law that
21  Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

22      60.    Defendant is without knowledge or information sufficient to form a
23  belief as to the truth of the allegations of paragraph 60 of the Complaint.

24      61.    Defendant denies each and every allegation of paragraph 61 of the
25  Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter
26  of law that Defendant did not sexually harass Plaintiff or commit any "sexual
27  misconduct."
28  / / /

-8-

296658-1.wpd

**EXHIBIT D**

62.   Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct." Defendant is without knowledge or information sufficient to form the belief as to the truth of the allegations of paragraph 62 of the Complaint.

63.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.   Defendant denies each and every allegation of paragraph 64 of the Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

65.   Defendant will not plead an answer to paragraph 65, which is a violation of his and third parties' right to privacy and a violation of their rights as police officers, and is a violation of the Court Order sealing the records.

66.   Defendant denies each and every allegation of paragraph 66 of the Complaint. Pursuant to the Dismissal Order, the Court has determined as a matter of law that Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

67.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

68.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint.

69.   Defendant denies each and every allegation of paragraph 69 of the Complaint.

70.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

- 9 -

296658-1.wpd

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 39 of 92

**EXHIBIT D**

1    Pursuant to the Dismissal Order, the Court has determined as a matter of law that

2    Defendant did not sexually harass Plaintiff.

3        72.    Defendant is without knowledge or information sufficient to form a

4    belief as to the truth of the allegations of paragraph 72 of the Complaint.

5        73.    Defendant is without knowledge or information sufficient to form a

6    belief as to the truth of the allegations of paragraph 73 of the Complaint.

7        74.    Defendant is without knowledge or information sufficient to form a

8    belief as to the truth of the allegations of paragraph 74 of the Complaint.

9        75.    Defendant is without knowledge or information sufficient to form a

10   belief as to the truth of the allegations of paragraph 75 of the Complaint.

11       76.    Defendant is without knowledge or information sufficient to form a

12   belief as to the truth of the allegations of paragraph 76 of the Complaint.

13       77.    Defendant is without knowledge or information sufficient to form a

14   belief as to the truth of the allegations of paragraph 77 of the Complaint.

15       78.    Defendant is without knowledge or information sufficient to form a

16   belief as to the truth of the allegations of paragraph 78 of the Complaint.

17                        FIRST CAUSE OF ACTION

18                              (TITLE VII)

19       79-82. This cause of action is not pled against this Defendant.  This

20   Defendant is not required to respond to paragraphs 79 through 82, inclusive.

21                       SECOND CAUSE OF ACTION

22                               (FEHA)

23       83-87. This cause of action is not pled against this Defendant.  This

24   Defendant is not required to respond to paragraphs 83 through 87, inclusive.

25   Pursuant to the Dismissal Order, the Court has determined as a matter of law that

26   Defendant did not sexually harass Plaintiff or commit any "sexual misconduct."

27   / / /

28   / / /

- 10 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 40 of 92

296658-1.wpd

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 41 of 92

### THIRD CASE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

88.    Defendant incorporates his responses to paragraphs 1-78, 79-82 (First Cause of Action) and paragraphs 83-87 (Second Cause of Action), inclusive, as if fully set forth herein.

89.    Defendant denies each and every allegation of paragraph 89 of the Complaint.

90.    Defendant denies each and every allegation of paragraph 90 of the Complaint.

91.    Defendant denies each and every allegation of paragraph 91 of the Complaint.

92.    Defendant denies each and every allegation of paragraph 92 of the Complaint.

93.    Defendant denies each and every allegation of paragraph 93 of the Complaint.

94.    Defendant denies each and every allegation of paragraph 94 of the Complaint.

95.    Defendant denies each and every allegation of paragraph 95 of the Complaint.

### JURY TRIAL

As set forth herein, Defendant demands a jury trial.

### AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

As and for his separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    As a first and separate affirmative defense to the Complaint, this answering Defendant alleges that each and every cause of action and each and

- 11 -

296658-1.wpd

**EXHIBIT D**

1  every count is that the Complaint, are barred by any or all applicable Statute of

2  Limitations, including but not necessarily limited to, California Code of Civil

3  Procedure §§ 312 and 335.1 (under the current and predecessor laws limiting

4  such actions).

5        SECOND AFFIRMATIVE DEFENSE

6        2.    As a second and separate affirmative defense to the Complaint, this

7  answering Defendant alleges that Plaintiff's action against Defendant was

8  frivolous, unreasonable and totally without foundation and not brought in good

9  faith and this Defendant is entitled to, and will seek, reasonable expenses,

10  including attorneys fees in defending the action, including but not limited to

11  expenses and fees allowed pursuant to, California Government Code §12965, 42

12  U.S.C. §1988, Rule 11 of the Federal Rules of Civil Procedure and California

13  Code of Civil Procedure §§128.5 and 128.7.

14        THIRD AFFIRMATIVE DEFENSE

15        3.    As a third and separate affirmative defense to the Complaint, this

16  answering Defendant alleges that Plaintiff has failed to timely or at all to exhaust

17  internal grievance procedures and local and state and federal administrative

18  remedies available to her and as a result of such failures each and every cause of

19  action and each and every count is barred and/or time barred.

20        FOURTH AFFIRMATIVE DEFENSE

21        4.    As a fourth and separate affirmative defense to the Complaint, this

22  answering Defendant alleges that Plaintiff has failed to exhaust the claims filing

23  requirement pursuant to Government Code §900 et seq.

24        FIFTH AFFIRMATIVE DEFENSE

25        5.    As a fifth and separate affirmative defense to the Complaint, this

26  answering Defendant alleges that Plaintiff's causes of action and counts are

27  barred in whole or in part by the exclusive remedy set forth in the Worker's

28  Compensation Act, California Labor Code Section 3200, et seq.

- 12 -

296658-1.wpd

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 42 of 92

**EXHIBIT D**

1  from recovering on each and every purported cause of action and each and every
2  count by reason of waiver and acquiescence.
3          SIXTEENTH AFFIRMATIVE DEFENSE
4          16.    As a sixteenth and separate affirmative defense to the Complaint,
5  this answering Defendant alleges that this court is without jurisdiction to entertain
6  those portions of Plaintiff's Complaint which fall under the Worker's
7  Compensation Act, California Labor Code §§3200 et seq.
8          SEVENTEENTH AFFIRMATIVE DEFENSE
9          17.    As a seventeenth and separate affirmative defense to the Complaint,
10 this answering Defendant alleges that Plaintiff could have, by the exercise of
11 reasonable diligence, limited or prevented her damages, if any, as a result of the
12 alleged wrongful acts set forth in the Complaint and Plaintiff has failed or refused
13 to do so.  Such failure or refusal on the part of Plaintiff constitutes a failure to
14 mitigate damages.
15         EIGHTEENTH AFFIRMATIVE DEFENSE
16         18.    As a eighteenth and separate affirmative defense to the Complaint,
17 this answering Defendant alleges that Plaintiff was, at all times, fully apprised of
18 all material facts regarding each and every act alleged in their Complaint and that
19 Plaintiff acted or refrained from acting with the full knowledge of all
20 circumstances and did so without duress and with Plaintiff's full knowledge and
21 consent.
22         NINETEENTH AFFIRMATIVE DEFENSE
23         19     As a nineteenth and separate affirmative defense to the Complaint,
24 this answering Defendant alleges that each of Plaintiff's claims for emotional
25 distress not directly related to or stemming from a claimed violation of statute or
26 public policy is barred by the exclusive remedy of worker's compensation.
27 ///
28 ///

- 15 -

296658-1.wpd

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 43 of 92

**EXHIBIT D**

ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by the negligent, reckless, or intentional acts of third parties as to whom this answering Defendant had neither the right nor the duty nor the opportunity to exercise control and who acted without the knowledge, participation, approval, or ratification of this answering Defendant.

TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff is guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering Defendant and that, therefore, this action is barred by laches.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff is barred from asserting each and every purported cause of action and each and every count in the Complaint by reason of Plaintiff's and her agents having ratified, consented, and approved the alleged wrongful acts and/or omissions, if any, of this answering Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff is equitably estopped from asserting each and every purported cause of action and each and every count in the Complaint by reason of the acts, the omissions, and conduct of Plaintiff and/or certain of her agents upon which this answering Defendant relied to his prejudice and detriment.

FIFTEENTH AFFIRMATIVE DEFENSE

15     As a fifteenth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff as a result of her own conduct is barred

- 14 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 44 of 92

296658-1.wpd

**EXHIBIT D**

SIXTH AFFIRMATIVE DEFENSE

6.     As a sixth and separate affirmative defense to the Complaint, this answering Defendant alleges that each of the causes of action and each of the counts fail to set forth facts sufficient to constitute a cause of action against this answering Defendant.

SEVENTH AFFIRMATIVE DEFENSE

7.     As a seventh and separate affirmative defense to the Complaint, this answering Defendant alleges that the Complaint, and each and every count and cause of action stated therein, fails to state facts sufficient to constitute any cause of action against answering Defendant sounding in tort.

EIGHTH AFFIRMATIVE DEFENSE

8.     As a eighth and separate affirmative defense to the Complaint, this answering Defendant alleges that the Complaint, and each and every count and cause of action stated therein, is uncertain, ambiguous and unintelligible.

NINTH AFFIRMATIVE DEFENSE

9.     As a ninth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff assumed the risk of any injuries or damages resulting from the acts as alleged in the Complaint and that said assumption of risk was the proximate cause of the injuries and damages allegedly sustained by them, if there are any.

TENTH AFFIRMATIVE DEFENSE

10.     As a tenth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff and/or her agents acted negligently, recklessly, or intentionally in and about the matters alleged herein and to the extent that Plaintiff seeks recovery for the alleged negligence, reckless, and/or intentional acts and/or omissions of this answering Defendant, recovery should be offset to the extent of Plaintiff's own negligent, reckless, and/or intentional actions and/or omissions or that of her agents.

- 13 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 45 of 92

296658-1.wpd

**EXHIBIT D**

TWENTIETH AFFIRMATIVE DEFENSE

20.    As a twentieth and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff knowingly and voluntarily consented to and participated in the alleged acts, if any, alleged by Plaintiff.

TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As a twenty-first and separate affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff did not report any complaints about answering Defendant's alleged conduct to this answering Defendant in a timely fashion and/or this answering Defendant had no reason to know of Plaintiff's complaints concerning answering Defendant's alleged conduct.

TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    As a twenty-second and separate affirmative defense to the Complaint, this answering Defendant alleges that the act or acts alleged against answering Defendant, if any, occurred within the scope of his employment and in exercise of his official duties and that answering Defendant is entitled to a defense pursuant to Government Code §§995 et seq. and indemnification pursuant to Government Code §825 et seq. and the regulations, policies and practices of Defendant, CHP.

TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    This Defendant is informed and believes and thereon alleges that in connection with any and all of Plaintiff's allegations of, pertaining to or referring to alleged damages, and this Defendant's denial of each and all of said allegations, and without limiting the generality of the foregoing, or any part thereof, Defendant hereby specifically denies that Plaintiff is, has been or will be damaged in any amount alleged, in any amount whatsoever, or at all, and specifically deny that Plaintiff is, has been or will be entitled to any general, compensatory, exemplary, punitive or other damages or at all, or any other relief at all, and Defendant affirmatively alleges that Plaintiff has not been and will not be

- 16 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 46 of 92

296658-1.wpd

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 47 of 92

1  damaged or entitled to recover damages of any type or kind, in any amount
2  whatsoever, or at all.

3          TWENTY-FOURTH AFFIRMATIVE DEFENSE

4          24.    As a twenty-fourth and separate affirmative defense to the
5  Complaint, this answering Defendant alleges that Plaintiff is barred from bringing
6  this action by virtue of the doctrine of unclean hands.

7          TWENTY-FIFTH AFFIRMATIVE DEFENSE

8          25.    Pursuant to Government Code § 985, any judgment entered herein
9  may be reduced for collateral source payments paid or obligated to be paid for
10  services or benefits provided prior to commencement of trial.  Thus, damages
11  alleged in the Second Amended Complaint are subject to a set-off either partially
12  or in full.

13          TWENTY-SIXTH AFFIRMATIVE DEFENSE

14          26.    Defendant reserves the right to assert additional affirmative defenses
15  in the event discovery indicates that additional affirmative defenses would be
16  appropriate.

17

18          WHEREFORE, answering Defendant requests that:

19          1.    Plaintiff take nothing by this action;

20          2.    A judgment of dismissal be entered in favor of answering Defendant;

21          3.    Answering Defendant be awarded his attorneys fees and costs of suit
22  incurred; and

23          4.    Answering Defendant be awarded any and other further relief as the
24  court considers just and proper.

25                          Respectfully Submitted,

26  Dated:  April 13, 2006         COTKIN, COLLINS & GINSBURG

27

28                   By
                   C. EDWARD LANGHAMMER, JR.
                   Attorneys for Defendant
                   HUBERT ARTURO ACEVEDO

                       - 17 -

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 48 of 92

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, CYNTHIA MORRIS, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3134.

On April 13, 2006, I served the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

*(See attached service list.)*

| | |
|---|---|
| X | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for the collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on April 13, 2006, at Los Angeles, California.

Signature of Declarant

- 19 -

296658-1.wpd

**EXHIBIT D**



SERVICE LIST

| | |
|---|---|
| Craig J. Ackermann<br>ACKERMANN & TILAJEF, P.C.<br>1180 South Beverly Drive, Suite 512<br>Los Angeles, CA 90035<br>Phone: (310) 277-0614<br>Fax: (310) 277-0635 | Attorneys for Cynthia<br>Martinez |
| Bill Lockyer, Attorney General<br>Jacob A. Appelsmith, Sr. Asst. Atty. General<br>Chris A. Knudsen, **Supervising Dep. Atty. Gen.**<br>Kathryn M. Megli, Deputy Attorney General<br>P.O. Box 85266<br>San Diego, CA 92186-5266<br>Phone: (619) 645-2612<br>Fax: 619) 645-2581 | Attorneys for Department of<br>California Highway Patrol |

- 20 -

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 49 of 92

96658-1.wpd

**EXHIBIT D**



For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 50 of 92

**Chief Art Acevedo** ✔
@ArtAcevedo

Please send details on issues requiring follow-up to art.acevedo@austintexas.gov and call 911 for emergencies. Opinons are my own & not City of Austin.

📍 Austin, Texas
🔗 austintexas.gov/police
📅 Joined April 2012

📷 1,183 Photos and videos



**13.5K**

👤 Follow

Tweets & replies

**Writings By Rosemary**
Chief Acevedo does these Eagle Scout letters for other kids because he's that awesome!!!

**Malik Aziz** @ChiefMalikAziz
How Austin police, Muslims are building bridges
DallasPD

**How Austin police, Muslims are building bridges**
When terror strikes in a Paris or a Brussels, police in Austin step up their patrols around mosques — not to search for terrorists but to ensure safety of Muslims here.

**Chief Art Acevedo** @ArtAcevedo
@TexasDPS Looking good.

**Houston OEM**
If you have any trees/debris in streets, please call Houston 311 or fill out a request at

**EXHIBIT D**

Tweets with replies by Chief Art Acevedo (@ArtAcevedo) | Twitter

Chief Art Acevedo

**Garrett Oleen**
Not sure if  does this for other kids but he did it for mine!
Thanks Chief!



**Chief Art Acevedo**
Congratulations!! We send them to every
Eagle! Worth the signature hand cramps.

In reply to
**Chief Art Acevedo**
City regulations prohibit endorsements or opposition
on all matters being considered in City of Austin elections.

**Chief Art Acevedo**
Texas Hotspot Named No. 1 City in America By National Magazine:
Tomorrowland Lives in Lone Star State · PaperCity

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 51 of 92

**EXHIBIT D**



In reply to Liena Ranger

**Chief Art Acevedo**   @ArtAcevedo · Apr 4
@Zander Ranter · · · those stats are for West Campus.

Chief Art Acevedo Retweeted

**Austin Police Dept**   @Austin_Police · Apr 2?
AT&T cellular network customers use land line, other provider or 311 to request emergency services.  PIO /

**Chief Art Acevedo**   @ArtAcevedo · Apr 2?
Please be advised.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 52 of 92

**EXHIBIT D**



In reply to debra12

**Chief Art Acevedo** · ArtAcevedo · Apr 24
@debra12 you're welcome. Please keep my email in case you need to contact me at Art.Acevedo@austintexas.gov

View conversation

In reply to debra12

**Chief Art Acevedo** · ArtAcevedo · Apr 24
@debra12 this incident is a tragedy for everyone involved. When all of the evidence is released folks can draw their own conclusion.

View conversation

In reply to debra12

**Chief Art Acevedo** · ArtAcevedo · Apr 24
@debra12 we had two officers shot in a span of two weeks.

View conversation

**Chief Art Acevedo** · ArtAcevedo · Apr 24
Police searching for abducted girl from Dallas area KXAN.com

**Chief Art Acevedo** · ArtAcevedo · Apr 21
Fox News

**Chief Art Acevedo** · ArtAcevedo · Apr 21
How Austin police, Muslims are building bridges amedialeague.com

**Chief Art Acevedo** · ArtAcevedo · Apr 21
Here to support Muslim Community Services dinner to help our Texas refugee families. God Bless our diverse nation.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 53 of 92

**EXHIBIT D**





In reply to Salman Ashraf

**Chief Art Acevedo**
@ArtAcevedo · Thank you!



Chief Art Acevedo Retweeted

**Salman Ashraf**
"We are all refugees here" well said            at the
fundraiser for refugees from war-torn areas in

Sign up now to get your
own personalized
timeline!



You may also like


**Austin Police**
@ Austin Police


**Austin Texas**
@austintexas.gov


**Austin Fire De**
@austinfiredept

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 54 of 92

**EXHIBIT D**



**KVUE News**
@KVUE

**Travis County**
@TravisCoSheriff

**#asklauren**
83.7K Tweets

**Carly Fiorina**
38.7K Tweets

**#womancard**
41K Tweets

**Saul**
160K Tweets

**Atletico**
227K Tweets

**#EastEnders**
Just started trending

**#CaravannerOfTheYear**
Started trending in the last hour

**#BBCWalesDebate**
Trending for 3 hours now

**Alaba**
28K Tweets

**Muller**
16.2K Tweets

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 55 of 92

**EXHIBIT D**



**my**                                                                                                                    Q



Every 8 minutes, we respond to a disaster

➕ American Red Cross        HELP NOW ▶

# Marc Ott under fire after punishing Police Chief Art Acevedo

By Philip Jankowski - American-Statesman Staff                                    f  🐦          33





---

### *Highlights*

Local politicians and activists criticized City Manager Marc Ott for punishing Police Chief Art Acevedo.

Ott says Acevedo disobeyed orders to abstain from discussing the David Joseph shooting.

Acevedo defended two conversations cited by Ott.

**A day after** it was revealed that City Manager Marc Ott punished Austin Police Chief Art Acevedo for disobeying orders and speaking about the controversial fatal police shooting of 17-year-old David Joseph, attention shifted Wednesday



**FREE** Get the skills you need to **Online** land the job **Courses** you want.

START LEARNING NOW ▶

e X

---

### *About the Author*

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 56 of 92

**EXHIBIT D**

Austin city manager under fire after suspending Art Acevedo | www.mystatesman.com          4/28/16, 12:12 PM

toward Ott, with politicians and community leaders criticizing his handling of the situation. One council member went as far as calling for Ott to be ousted ████████████████████████████████████

████████████████████████████████est appointed official had punished the city's top cop, lobbing an unexpected political grenade into City Hall, came nearly two weeks after Ott issued the reprimand, docking Acevedo five days' worth of pay — $4,000.

Council Member Don Zimmerman said it was that lack of transparency that has led to his growing desire for Ott to be fired.

"When the city manager notified us, he didn't even bother to attach the same documents that were sent to the media," Zimmerman said. "I call that secrecy."

Acevedo's punishment throws into question how he and Ott will continue to work together. While Acevedo expressed disagreement in measured tones in a public statement issued Tuesday, a memo the chief wrote to Ott after learning of his punishment showed more indignation and questioned whether Ott's decision would hamstring the chief's ability to lead the Austin Police Department.



Reso Mon

"Although I do not consider my actions to have been insubordinate, I will redouble my efforts to demonstrate due respect for your authority," Acevedo wrote in his response to the reprimand. "However, I am struggling to understand how to perform my duties if I am restricted from meeting and communicating with police department personnel and cadets and asserting leadership authority as to the use of force policy and expectations."

Council Member Kathie Tovo said Wednesday that the two appear to have a productive working relationship, at least outwardly.

"I think they're both professionals and are accustomed to working together and appear to, at least from my vantage point, work well together," Tovo said.

Acevedo's punishment stemmed from two instances in which he discussed a Joseph case while an internal investigation was ongoing. Officer Geoffrey Freeman was eventually fired for using excessive force after he shot and killed



PHILIP JANKOWSKI Philip Jankowski is a reporter for the Austin American-Statesman.

  ✉

---

## SIGN UP FOR NEWSLETTERS

Want more news? Sign up for free newsletters to get more of the Statesman delivered to your inbox.

---

## *Popular*

Austin Beerworks plans bigger facility to strengthen local...

Austin city manager under fire after suspending Art Acevedo

Text message says staffer's raise covered errands for Rep...



For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 57 of 92

**EXHIBIT D**

Austin city manager under fire after suspending Art Acevedo | www.mystatesman.com

4/28/16, 12:12 PM



Read More

the unarmed, naked 17-year-old on Feb. 8, police have said.

Following pressure from the City Council and leaders associated with the local Black Lives Matter movement, Acevedo stood side by side with activists three days after the shooting and announced that the investigation into Freeman's actions would be completed at an accelerated clip.

It was a move that was sharply criticized by the Austin police union as signaling that Acevedo had already made up his mind to fire Freeman.



More

Austin NAACP President Nelson Linder said the nature of the Joseph shooting required special treatment from the chief.

"The idea that Acevedo's actions somehow harmed officer's Freeman investigation is false," Linder said.

After learning that Acevedo had spoken about the shooting to a cadet class, the union's president filed a formal complaint with the city. An independent investigation exonerated Acevedo of any policy violations, but it revealed that Acevedo had spoken twice about the shooting with fellow officers after Ott ordered him to refrain from discussing it until the investigation was complete.

### *Related*

Austin Police Chief Art Acevedo punished in David Joseph case

In memo Police chief Acevedo disputes insubordination charge

Read discipline memo from Marc

A memo Ott sent to Acevedo informing the chief of his punishment states that during an April 12 meeting between the two, Acevedo agreed that his actions had been insubordinate, essentially admitting that he had disobeyed Ott's orders.

But Acevedo said in his

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 58 of 92

**EXHIBIT D**

Ott and Art Acevedo's response

**Austin police union leader blasts Acevedo's appearance with activists**

**Acevedo: Officer who shot naked teen has 'tough questions' to answer**

formal response that he didn't believe he was acting insubordinately. He defended the two times he spoke about the shooting cited in Ott's written reprimand, characterizing one of the instances as a passing conversation with the union president. The other was a meeting with the cadet class to clarify earlier remarks about police use of force that referenced the Joseph shooting.

Acevedo attempted to contact Ott before that meeting to explain, his response said. When he couldn't reach the city manager, he informed Assistant City Manager Rey Arellano, who oversees public safety, of his intentions and reported back to Arellano after the meeting.

Meme Styles, leader of local activist group Measure Austin, said that while Acevedo has made inroads with the African-American community over police use of force, Ott has been "impotent on the issue."

"It is a scary scene, that he would reprimand one of the biggest voices in Austin for remaining transparent," Styles said.

*CORRECTION: This story has been updated from a previous version that incorrectly characterized police Chief Art Acevedo's punishment. Acevedo received a reprimand and was docked five days of pay, but was not suspended.*

## Reader Comments

## Next Up in News



**Baltimore TV station evacuated after bomb threat**

A man walked into the lobby of FOX 45 in Baltimore Thursday afternoon, claiming that he had a bomb. The man, described by witnesses as strangely...

**Drunken driver runs roadblock, hits helicopter in crash, police say**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 59 of 92

**EXHIBIT D**

Austin city manager under fire after suspending Art Acevedo | www.mystatesman.com                    4/28/16, 12:12 PM



A 20-year-old man thanked Florida Highway Patrol troopers Wednesday for "keeping people like me off the street" after he ran a roadblock and crashed...



### Legislature's fixes for tuition crisis should include more state funds

Lt. Gov. Dan Patrick has made it clear: Texas lawmakers will make it a priority to limit college tuition growth when they meet for their next...



### Court upholds conviction in 2013 Austin shooting

A state appeals court Thursday upheld the 2014 manslaughter conviction for a Killeen man sentenced to 15 years in prison for a fatal shooting in...

### Teen birth rate hits all-time low, led by 50 percent decline among Hispanics and blacks

The birth rate among American teenagers, at crisis levels in the 1990s, has fallen to an all-time low, according to an analysis released Thursday by...

## More Stories

NEWS ▶          CUSTOMER SERVICE ▶        MARKETPLACE ▶        SOCIAL MEDIA ▶                    : F ▲

© 2016 . . . . . . . By using this website, you accept the terms of our . . . . . . . . . . . . . . . . . . in understand your options regarding . . . . . . . . Learn about

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 60 of 92

## EXHIBIT D



City of Austin

# Law Department

301 W. 2nd Street, P.O. Box 1088
Austin, Texas 78767-1088
(512) 974-2268

Writer's Direct Line
512-974-2177

Writer's Fax Line
512-974-2934

August 16, 2013

Craig Deats
Deats, Durst, Owen, & Levy
1204 San Antonio Street, Ste. 203
Austin, Texas 78701

Dear Mr. Deats:

Please accept this letter in response to your letter to City Manager Marc Ott expressing concerns about your client Nadia Stewart's treatment by Chief Art Acevedo during a meeting earlier this week. We agree that the Chief's comments to Ms. Stewart during that meeting were inappropriate and unacceptable. The City of Austin expects all city employees to carry out their duties in an ethical and respectable manner and we are disappointed when that expectation is not met.

Chief Acevedo has been directed to apologize to Ms. Stewart in person and in writing. An attempt to contact Ms. Stewart was made on Thursday to set up a meeting for today for the Chief to apologize to her. Unfortunately, a meeting could not occur, but we will contact you to schedule that meeting, in addition to providing a written apology.

Your letter also mentioned the investigation that my staff is conducting relating to the leak of confidential information from Officer Robert Kleinart's internal affairs interview. The City Manager asked my office to conduct that investigation. The decision to conduct an investigation was not made in response to the APA request. The City Manager made a decision to investigate this matter prior to APA's request for an independent investigation.

Chief Acevedo has not been involved in the Law Department's investigation and has not been briefed on any of the information that has come from that investigation. The investigation continues and is being conducted in a fair and impartial manner. I want to assure you that Ms. Stewart and her husband are not subjects that will be interviewed for purposes of my office's investigation or any other investigation that may be occurring within the city. The City recognizes Ms. Stewart's role as attorney for the union and understands the confidences that she is required to maintain.

I would note, however, that the Austin Police Department is a civil service department and, as such,

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 61 of 92

**EXHIBIT D**

August 16, 2013

the Chief can make inquiries of APD staff who were directly involved in the circumstances surrounding the leak. I am advised that there is currently an administrative inquiry within APD to determine if any sworn officers were involved in the leak. I am not privy to that process, which is confidential at this time under state civil service law.

Thank you for bringing this issue to my attention.

Sincerely,

Karen M. Kennard
City Attorney

KMK:ctl

Cc:    Marc Ott, City Manager
       Mike McDonald, Deputy City Manager

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 62 of 92

**EXHIBIT D**



City of Austin
**Ethics Review Commission**

## LETTER OF NOTIFICATION

**TO:**     Hubert "Art" Acevedo

**FROM:**   City of Austin Ethics Review Commission

**DATE:**   February 3, 2015

**RE:**     Determination of Sanctions under City Code. Section 2-7-48

---

In accordance with Chapter 2-7 of the Austin City Code, this letter is to advise you that the City of Austin Ethics Review Commission (the "Commission") has completed its consideration of the amended complaint filed against you with the Commission on December 22, 2014.

The amended complaint alleges that you violated Section 2-7-72 of the Austin City Code ("Section 2-2-72"). Following completion of the hearing procedures in Article 3 of Chapter 2-7, the Commission determined that a violation occurred. Specifically, the Commission found that you violated Section 2-2-72 by failing to file a public statement of financial information for the year 2012 by the last Friday in April of 2013.

The Commission further determined that this violation was clearly unintentional. The Commission notifies you that in order to avoid future violations, you should follow up to confirm that your statement of financial information has been filed and that it was received by the City Clerk's Office. You should also obtain written confirmation of the filing being received by the City Clerk's Office.

Based on those determinations, the Commission issues this Letter of Notification to you.

This action is effective as of January 27, 2015.

CITY OF AUSTIN ETHICS REVIEW COMMISSION

By: _____
        Commission Vice-Chair Peter Einhorn

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 63 of 92

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should...ing private disagreements in public. I support Chief Acevedo here."          4/26/16, 5:32 PM





**Tony Plohetski** @tplohetski · 2m

BREAKING: APD Chief Acevedo disciplined after city manager says he was insubordinate. Losses pay, firing threatened. M1F

↩      ⇄ 21

**Dr. Sam Strauss**
@DrSamStrauss                                    Follow

@tplohetski @ArtAcevedo Marc Ott should not undermine Chief Acevedo by airing private disagreements in public. I support Chief Acevedo here.

RETWEETS    LIKES
5           17

4:21 PM · 26 Apr 2016

⌖ Round Rock, TX

↩         ⇄              ...

**Chief Art Acevedo** @ArtAcevedo · 23m
@DrSamStrauss @tplohetski Thank you

↩      ⇄

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 64 of 92

https://twitter.com/DrSamStrauss/status/725102409425412096                     Page 1 of 6

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should...ing private disagreements in public. I support Chief Acevedo here."          4/26/16, 5:32 PM



**JR** @Joe...

@A... : We are behind you.

**Chief Art Acevedo** @ArtAcevedo

# Texas Hotspot Named No. 1 City in America By National Magazine: Tomorrowland Lives in Lone Star State - PaperCity

**Texas Hotspot Named No. 1 City in America By National Magazine: T...**
The No. 1 city in America can be found in Texas. What, you're surprised?
It's no longer just cool to be in this hotspot, it's downright futuristic.
papercitymag.com

Chief Art Acevedo Retweeted

**Austin Police Dept** @Austin_...
AT&T cellular network customers use land line, other provider or 311 to
request emergency services. -PIO 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 65 of 92

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should...ing private disagreements in public. I support Chief Acevedo here."   4/26/16, 5:32 PM



**Chief Art Acevedo**  ArtAcevedo · Apr 24
## Please be advised.

**Chief Art Acevedo**  @ArtAcevedo · Apr 24
Police searching for abducted girl from Dallas area · KXAN.com

**Chief Art Acevedo**  @ArtAcevedo · Apr 22
Fox News

**Chief Art Acevedo**  ArtAcevedo · Apr 24
How Austin police, Muslims are building bridges

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 66 of 92

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should...ing private disagreements in public. I support Chief Acevedo here.'    4/26/16, 5:32 PM



**Chief Art Acevedo**

Here to support Muslim Community Services dinner to help our Texas refugee families. God Bless our diverse nation.



 Chief Art Acevedo Retweeted

**Salman Ashraf**
"We are all refugees here" well said ... at the ...
fundraiser for refugees from war torn areas in ...

Chief Art Acevedo Retweeted

**Salman Ashraf**
"When leaders don't speak out leaders aren't doing their jobs" agree ... fundraiser

Chief Art Acevedo Retweeted

**Salman Ashraf**
#ArtAcevedo talking about immigration and the ... community at the ... fundraiser in ... Thanks for your attendance and words

Chief Art Acevedo Retweeted

**CA DMV** @CA_DMV · Apr 21
An average of 22 patients die every day waiting for the organ they

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 67 of 92

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should...ing private disagreements 'n public. I support Chief Acevedo here."   4/26/16, 5:32 PM



need to live. You have the power to save lives...

**Chief Art Acevedo**
Officer involved shooting 6600 block of South MoPac

Sign up now to get your
own personalized
timeline!

**Austin Police**
@Austin_Police

**Austin Texas**
@austintexasgov

**Austin Fire De**
@austinfiredept

**KVUE News**
@KVUE

**Travis County**
@TravisCoSheriff

#Strangewich
Everyone's got one...
what's your #Strangewich?
Promoted by
Hellmann's

Paul George
17.5K Tweets

#TheWave
42.4K Tweets

#KidsTodayin4Words

https://twitter.com/DrSamStrauss/status/725102409425412096                    Page 5 of 6

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 68 of 92

**EXHIBIT D**

Dr. Sam Strauss on Twitter: "@tplohetski @ArtAcevedo Marc Ott should... ng private disagreements in public. I support Chief Acevedo here."      4/26/16, 5:32 PM

14.6K Tweets

#fullscreenparty
25.5K Tweets

#VoiceResults
5,922 Tweets

#BetterBirthdayTraditions
Started trending in the last
hour

Skip Bayless
54.8K Tweets

**ALWAYS GONNA BE
STYDIA**
12.5K Tweets

Joe Hart
35.6K Tweets

Killer Frost
Just started trending

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 69 of 92

**EXHIBIT D**

**Case 4:16-cv-03773   Document 1-4   Filed in TXSD on 12/30/16   Page 70 of 110**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"          4/26/16, 5:35 PM





**Austin Statesman** @statesman 2h
BREAKING: Austin Police Chief Art Acevedo punished in David Joseph case
atxne.ws/24.xzH4

**Selena Kuglin**
@SelenaKuglin                    Follow

@statesman the problem is not with
@ArtAcevedo the problem is with Mr Ott. Chief
the citizens of ATX support you and
@Austin_Police

RETWEETS    LIKES

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 70 of 92

**EXHIBIT D**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"    4/26/16, 5:35 PM



5     11

4:11 PM - 26 Apr 2016

**Chief Art Acevedo** ·ArtAcevedo· 26m
@SelenaKuglin @statesman @Austin_Police Thank you for your kind words

**Christine Mauer** ·cedarparkmom· 23m
@SelenaKuglin @ArtAcevedo @statesman @Austin_Police can I just say
@ArtAcevedo kept community members informed and at peace. Thanks Chief!

Chief Art Acevedo Retweeted
**JH** ·JockHagan· 2d
@ArtAcevedo - We are behind you

**Chief Art Acevedo** ·ArtAcevedo· 2d
Texas Hotspot Named No. 1 City in America
By National Magazine: Tomorrowland Lives
in Lone Star State - PaperCity



Chief Art Acevedo Retweeted
**Austin Police Dept** ·Austin_Police· 3d
AT&T cellular network customers use land line, other provider or 311 to
request emergency services. -PIO 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 71 of 92

**EXHIBIT D**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"          4/26/16, 5:35 PM



**Chief Art Acevedo**  ArtAcevedo  Apr 25
## Please be advised.

**Chief Art Acevedo**  ArtAcevedo  Apr 25
Police searching for abducted girl from: Dallas area  KXAN.com

**Chief Art Acevedo**  ArtAcevedo  Apr 25
Fox News to

**Chief Art Acevedo**  ArtAcevedo  Apr 24
How Austin police, Muslims are building bridges | mystatesman.com

https://twitter.com/SelenaKuglin/status/725100036367880192                         Page 3 of 6

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 72 of 92

**EXHIBIT D**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"   4/26/16, 5:35 PM



**Chief Art Acevedo** @ArtAcevedo · Apr 23

Here to support Muslim Community Services dinner to help our Texas refugee families. God Bless our diverse nation.



Chief Art Acevedo Retweeted


**Salman Ashraf**
"We are all refugees here" well said at the house fundraiser for refugees from war torn areas in

Chief Art Acevedo Retweeted

**Salman Ashraf**
"When leaders don't speak out leaders aren't doing their jobs" agree @ArtAcevedo fundraiser

Chief Art Acevedo Retweeted

**Salman Ashraf**
@ArtAcevedo talking about immigration and the community at the fundraiser Thanks for your attendance and words

Chief Art Acevedo Retweeted


**CA DMV** @CA_DMV
An average of 22 patients die every day waiting for the organ they

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 73 of 92

**EXHIBIT D**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"    4/26/16, 5:35 PM



need to live. You have the power to save lives. xxxxxxxxxxxx.org

**Chief Art Acevedo**  @ArtAcevedo...
Officer involved shooting 6600 block of South MoPac

Sign up now to get your
own personalized
timeline!

Refresh

**Austin Police**
@Austin_Police

**Austin Texas 🤖**
@austintexasgov

**Austin Fire De**
@austinfirerecept

**KVUE News 📺**
@KVUE

**Travis County**
@TravisCoSheriff

#Strangewich
Everyone's got one...
what's your #Strangewich?
🔁 Promoted by
Hellmann's

Paul George
18.1K Tweets

#TheWave
43.5K Tweets

#KidsTodayIn4Words

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 74 of 92

**EXHIBIT D**

Selena Kuglin on Twitter: "@statesman the problem is not with @ArtAc...th Mr Ott. Chief the citizens of ATX support you and @Austin_Police"      4/26/16, 5:35 PM

14.8K Tweets

#fullscreenparty
26.1K Tweets

#VoiceResults
7,130 Tweets

#SuperTuesday
34.4K Tweets

ALWAYS GONNA BE
STYDIA
13.1K Tweets

Skip Bayless
54.9K Tweets

Killer Frost
Just started trending

Joe Hart
35.8K Tweets

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 75 of 92

**EXHIBIT D**



**TO:**  Art Acevedo, Chief of Police

**FROM:**  Rey Arellano, Assistant City Manager

**DATE:**  April 12, 2016

**SUBJECT:**  Complaint

On March 2, 2016, the City Manager and I met with you to address concerns regarding comments you are alleged to have made at show-ups and a Cadet class regarding issues related to the officer involved investigation being conducted by Internal Affairs of Officer Geoffrey Freeman. We have since received information that you may have violated certain directives the Manager gave you on that date. Specifically it is alleged that you met with APA President Casaday and members of the Academy Staff and discussed events that occurred at the Academy earlier that week. If these allegations are true, both of these actions were in direct violation of the directives the Manager gave you on March 2nd and would constitute insubordination.

You are being provided an opportunity to respond to this complaint with the City Manager.

Rey Arellano

Art Acevedo

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 76 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 77 of 92

**EXHIBIT D**

April 15, 2016

Mr. Marc Ott, City Manager
City of Austin, Texas
301 W. 2nd Street
Austin, Texas 78701

Re: Review of issues raised in letter from the Austin Police Association

Dear Mr. Ott,

After interviewing numerous police cadets, training staff and Chief of Police Acevedo I have concluded the following regarding the issues raised by the APA.

I have concluded that there were no policy violations by Chief Acevedo as a result of his two visits to the police academy on March 1 and 4, 2016. As requested, I also reached the following conclusions regarding best practices as it relates to being a "best managed" City.

**Allegation that Chief's statements undermine state approved police academy training.**

Based on my interviews I do not find that the Chief's statements undermined approved police academy training. While his address to the academy class created temporary confusion among some cadets, it was short-lived after academy staff had further discussions with cadets.

**Allegation that the Chief told cadets that officer involved shootings can be consistent with the law and policy, yet still be a terminable offense.**

No one interviewed confirmed this statement. Several did say that he referred to law, policy and moral responsibility. In my interview with Chief Acevedo, he said he did discuss the issues of legality, policy, and moral issues related to use of force, but did not say that an officer involved shooting can be a terminable offense without a violation of law or policy because he is specifically required to reference the policy violation that occurred when terminating an officer.

There was no evidence to support this allegation.

**Allegation that it appears the Chief reached a conclusion on the then pending Freeman shooting case although the investigation wasn't complete.**

Chief Acevedo did discuss the Freeman shooting case with cadets at the meeting on March 1, as evidenced by all the interviewees, including the Chief himself. Chief Acevedo denies that he had reached a final conclusion on the case on that date and that he didn't do so until the day of Officer Freeman's Disciplinary Review Hearing. Chief Acevedo, when asked why he discussed the Freeman case with the cadets before the investigation was concluded, said that he had a responsibility to manage expectations both of officers and citizens, in such use of force cases.

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 78 of 92

**EXHIBIT D**

Much of this review revolves around the Chief's discussion of the Freeman case and at least one false rumor indirectly evolved from that discussion. While I do not find a policy violation, I do believe that the Department and City of Austin would have been better served if he had refrained from discussing the Freeman case at that time. For that reason, I conclude that Chief Acevedo exhibited poor judgment in discussing the Freeman case with the cadets.

**Allegation that the Chief returned to the academy a few days later to "attempt to improperly influence the training personnel and that as a result the staff has been hesitant to cooperate with an inquiry and have expressed fear of retaliation."**

I found no evidence that the Chief tried to improperly influence anyone. His return to the academy was to clear up a rumor that he had said "you should use a baton to knock the knife out of the hand of a threatening suspect." This reason is substantiated in most of the interviews, including Chief Acevedo's, in which he stated that he returned to the academy to dispel the rumor and make sure the cadets understood what he had said.

As to the second part of the allegation, I found no hesitation on the part of academy staff nor cadets to cooperate with my review of this matter. The academy staff does express fear of retaliation, although no verifiable previous instances of such were expressed. Even so, the perception that retaliation is likely was expressed by most of the staff members interviewed.

In conclusion, I reiterate that no policy violations were discovered, that I believe his discussion of the Freeman case was poor judgment by him, and that he should be made aware of the perception by staff that retaliation by him is real.

*Larry Wate*

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 79 of 92

April 15, 2016

Mr. Marc Ott, City Manager
City of Austin, Texas
301 W. 2nd Street
Austin, Texas 78701

Re: Investigation of insubordination by Chief Art Acevedo

Dear Mr. Ott,

As requested, I looked into whether Chief Acevedo has committed insubordination. I conducted interviews to determine the facts.

I confirmed that on March 2, 2016 you met with Chief Acevedo to address concerns regarding comments he allegedly made at show-ups and a cadet class regarding the officer involved investigation being conducted of Officer Geoffrey Freeman. You directed him to let the administrative investigation process proceed in its normal course; to cease meeting with groups, including APD officers and cadets, and talking about the matters connected with the pending officer involved investigation; and not to meet with APA President Ken Casaday regarding this issue.

I confirmed that on March 3, 2016, Chief Acevedo met with APA President Casaday and specifically discussed his previous comments made to the cadets.

I confirmed that on March 4, 2016, Assistant City Manager Rey Arellano had a conversation with Chief Acevedo during which he reminded the Chief of your directive to the Chief on March 2, 2016.

I further confirmed that after Mr. Arellano's conversation with Chief Acevedo, on the same date of March 4, 2016, Chief Acevedo met with academy staff and with cadets in reference to the events that occurred at the academy earlier that week.

Chief Acevedo's conversation with APA President Casaday on March 3, 2016 and his meeting with academy staff and cadets on March 4, 2016, in which meetings he discussed the matters you had directed him not to discuss, constitute the offense of insubordination.

Larry Watts

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 80 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 81 of 92

**EXHIBIT D**



For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 82 of 92

**TO:**     Art Acevedo, Chief of Police

**FROM:**    Marc A. Ott, City Manager

**DATE:**    April 15, 2016

**SUBJECT:**    Written Reprimand and Loss of Pay

On March 2, 2016, I met with you to address concerns regarding comments you were alleged to have made on March 1, 2016 in an impromptu meeting with a Cadet class regarding issues related to the officer involved shooting investigation being conducted by Internal Affairs of Officer Geoffrey Freeman. In that meeting I directed you to let the administrative investigation process proceed in its normal course; to cease meeting with groups, including APD officers and Cadets, and talking about the matters connected with the pending officer involved shooting investigation; and not to meet with APA President Ken Casaday regarding this issue.

A subsequent review of the events that occurred during the week of March 1st, including your own statements to me, establish the following timeline of events: On March 3, 2016, you met with APA President Casaday. In that meeting, you specifically discussed your comments made to the Cadets on March 1st. On March 4, 2016, you met for a second time with the Cadet class and held a mandatory meeting with the Academy Staff. Both meetings were in reference to the events that occurred at the Academy earlier that week.

On April 12, 2016, I met with you to discuss my concern that your actions set forth above were in direct violation of the directives I gave you on March 2nd. At that time I afforded you the opportunity to respond to my concerns. In the course of our conversation you agreed that your actions had been insubordinate.

By memorandum dated August 11, 2011, I documented operation and judgment concerns that I expected you to improve upon. Your conduct in this matter again concerns me with your lack of judgment, specifically regarding your decision to speak to Cadets and APD officers about a pending Internal Affairs Investigation, and your failure to follow my directives in this matter.

Accordingly, I am issuing you a written reprimand with a loss of pay for five (5) days. This personnel action is based on your acts of insubordination, your poor judgment regarding

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 83 of 92

**EXHIBIT D**

Page 2
April 15, 2016

comments made during a pending IA investigation, and the operation and judgment concerns documented in my August 11, 2011 memorandum.

As an additional condition of this personnel action, you are directed to obtain authorization from ACM Arellano for any work related travel outside the City of Austin. ACM Arellano will meet with you regarding the specific details of this directive.

Some APD personnel who were interviewed during the course of this review expressed concern that they would suffer retaliation from the Department as a result of their involvement in this matter. You are reminded that the City has a policy of zero tolerance for retaliation.

I fully expect that you will address and improve your performance in regard to these issues. However I want to make clear that future misconduct or a serious failure to adhere to our principle of best managed by showing further poor judgment in the performance of your job duties, will lead to additional personnel action up to and including termination.

Received this 15th day of April, 2016.

_____
Art Acevedo

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 84 of 92

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 85 of 92

**EXHIBIT D**

APD chief punished for remarks about David Joseph shooting | www.mystatesman.com

4/26/16, 4:02 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 86 of 92

**my**

LOCAL   U.S./WORLD   POLITICS   SPORTS   HORNS   BUSINESS   AUSTIN360   FEATURED   FOOD   E-PAPER

SUBSCRIBE
as low as 99¢

LOG IN

---
**BREAKING NEWS**

## Austin Police Chief Art Acevedo punished in David Joseph case
---



# Austin Police Chief Art Acevedo punished in David Joseph case

By Tony Plohetski - American-Statesman Staff, KVUE News      f   𝕏   

### *Highlights*

Acevedo docked five days pay — about $4,000 — for insubordination by City Manger Marc Ott

Austin Police Chief Art Acevedo has been reprimanded, stripped of five days' pay and warned his job is in jeopardy after his boss said he didn't follow orders to stop discussing the controversial police shooting of an unarmed teen in February.

At the center of the penalty against the chief, City Manager Marc Ott said Acevedo had been insubordinate, according to documents obtained Tuesday by the American-Statesman and KVUE-TV.

But Ott also laid bare his ongoing concerns about Acevedo's performance unrelated to the shooting, warning in an April 15 memo that he could be fired for future misconduct. Ott wrote in the blistering two-page memo that he had previously documented "operation and judgment concerns" about Acevedo in August 2011, but didn't specify what those concerns were.

STATESMAN.COM VISITORS



### *About the Author*

 TONY PLOHETSKI Tony Plohetski is an investigative reporter for the Austin American-Statesman.

**EXHIBIT D**

Case 4:16-cv-03773   Document 1-4   Filed in TXSD on 12/30/16   Page 87 of 110
APD chief punished for remarks about David Joseph shooting | www.mystatesman.com
4/26/16, 4:02 PM

In the aftermath of the shooting, Acevedo made comments that the police union claimed showed he had prejudged the case and potentially violated the officer's right to a fair investigation.

"Some APD personnel who were interviewed during the course of this review expressed concern that they would suffer retaliation from the department as a result of their involvement in this matter," Ott wrote. "You are reminded that the city has a policy of zero tolerance for retaliation."



The documents show publicly for the first time dissatisfaction among some in city management for an official who has been arguably the most visible in local government since arriving in Austin in 2007. It also reveals years of strain between Ott and Acevedo, who was hired from the California Highway Patrol by then-City Manager Toby Futrell.

The suspension comes after Ott in September gave Acevedo a 5-percent pay raise and a new separation agreement granting up to six months of severance pay should he be fired. In return, Acevedo withdrew from the San Antonio Police Department's search for a new chief. Acevedo now earns about $206,086, and the five days without pay would mean a loss of about $4,000.

Ott also ordered that, as an additional condition of the discipline, Acevedo must get prior permission from the city manager's office for future work-related travel.

Acevedo said in a statement Tuesday, "I respectfully differ with the city manager and Austin Police Association about my public remarks and response to the officer-involved shooting on February 8, 2016. I acted in the best interests of the City of Austin, Austin Police Department, and community after a tragic incident that cost a young life and ended a police officer's career.

"While I disagree with the manager's reprimand, I recognize his right to exercise that authority," Acevedo said. "The manager and I have worked together for nearly nine years. Disagreements are inevitable. I look forward to putting this behind us and continuing a productive partnership."



## SIGN UP FOR NEWSLETTERS

Want more news? Sign up for free newsletters to get more of the Statesman delivered to your inbox.

## Popular

APD chief punished for remarks about David Joseph shooting

Austin-based Yeti sues competitor over 'confusingly similar'...

Texas Rangers join investigation of state Rep. Dawnna Dukes



For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 87 of 92

**EXHIBIT D**

APD chief punished for remarks about David Joseph shooting | www.mystatesman.com          4/26/16, 4:02 PM





Read More

The discipline against Acevedo came after comments he made soon after David Joseph was shot by officer Geoffrey Freeman, who Acevedo has since fired for excessive force.

Freeman's attorneys have said he fired at Joseph, 17, who was nude and wasn't armed, after the teen charged at him in the street when Freeman responded to a disturbance in North Austin.

The shooting prompted immediate community backlash, with many questioning why an officer used deadly force on a suspect who had no way to conceal a weapon.

Acevedo responded with a news conference Feb. 11 with representatives from several community groups including Black Lives Matter — a decision that angered many officers and others who thought the gathering showed Acevedo had already decided that Freeman erred.

Documents show that several weeks later, Acevedo visited the police training academy, where he again discussed the shooting.

That meeting prompted a formal complaint to Ott by the union, and Ott hired an outside investigator, Larry Watts, to look into whether Acevedo's comments were inappropriate or showed a bias against Freeman.

Watts found Acevedo had not broken any policies, but wrote that "while I do not find a policy violation, I do believe that the department and city of Austin would have been better served if he had refrained from discussing the Freeman case at that time."

Soon after Acevedo's visit to the academy, Ott met with Acevedo and, "I directed you to let the administrative investigation process proceed in its normal course; to cease meeting with groups, including APD officers and

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 88 of 92

**EXHIBIT D**

cadets, and talking about matters connected with the pending officer involved shooting investigation." He also was told not to discuss the case with union president Ken Casaday, Ott wrote.

According to the memo, Acevedo proceeded to discuss the case with Casaday on March 3, and returned to the police academy March 4 to hold a mandatory meeting with cadets and training staff.

"Both meetings were in reference to the events that occurred at the academy earlier that week," Ott wrote.

The memo said that Ott held a meeting with Acevedo on April 12, gave him and opportunity to respond about why he had conducted those meetings, and that Acevedo agreed that his actions had been insubordinate.

"I fully expect that you will address your performance in regard to these issues," Ott wrote. "I want to make clear that future misconduct or a serious failure to adhere to our principle of the best managed by showing further poor judgment in the performance of your job duties will lead to additional personnel action up to and including termination."

## Reader Comments

## Next Up in News



### Here's the deal on pro-Prop 1 ad claims

The flood of television commercials and mailers advocating passage of Proposition 1 have themselves become a central issue in the campaign.

### DPS troopers help Dallas police by targeting gang members

State troopers are assisting Dallas police by serving warrants on "high-threat criminals" as the city tackles a surge in violent crime that last...

### Apple reports first drop in iPhone sales ever

SAN FRANCISCO - Apple's streak of iPhone-powered sales ended Tuesday when the company reported its first quarterly sales drop in more than...

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 89 of 92

**EXHIBIT D**



### Expert suggests that we shouldn't hug our dogs

Dogs may not like hugs as much as you think according to a popular canine behaviorist. Stanley Coren explained in a Psychology Today post that though...



### College student reported missing after Uber ride found safe

UPDATE: WSB-TV reported that missing college student has been found safe. Police are not reporting her location for confidentiality reasons.

## More Stories

NEWS ▶        CUSTOMER SERVICE ▶        MARKETPLACE ▶        SOCIAL MEDIA ▶                    : F ▲

© 2016                  . By using this website, you accept the terms of our          an d          . and understand your options
regarding          ▷ Learn about

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 90 of 92

**EXHIBIT D**



**Velva Price**

District Clerk, Travis County
Civil Division (512) 854-9457

# SERVICE REQUEST FORM

**REQUESTED BY:**

ATTORNEY/FILER: Jermaine A. Hopkins

PHONE #:

EMAIL: jhop408@gmail.com

SUBMITTED BY: Jermaine A. Hopkins

TITLE: Plaintiff, Pro Se

SIGNATURE:

**ISSUE PROCESS FOR:**

CAUSE #:

CASE STYLE: Hopkins v. Turner, Acevedo, Evans, and City of Houst

**QUICK CITATION REQUEST: (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL**

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☑ TRAVIS CO. CONSTABLE (specify): Precinct 5  ☐ CERTIFIED MAIL BY CLERK  ☐ ATTORNEY/REQUESTER

☐ PRIVATE PROCESS AGENCY (specify):  ☐ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

**DETAILED SERVICE REQUEST: (ON PARTICULAR PARTIES, BY VARIOUS DELIVERY METHODS, OR FOR NON-CITATION**

DESCRIPTION OF INSTRUMENT(S) TO BE SERVED:

☐ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION

TYPE OF PROCESS TO   ☑ CITATION ☐ CERTIFIED NOTICE ☐ PROTECTIVE ORDER* ☐ TRO*^ ☐ INJUNCTION*^ ☐ SEQUESTRATION*^

ISSUE: ☐ ATTACHMENT* ☐ EXECUTION* ☐ ABSTRACT* ☐ SUPERSEDEAS^ ☐ SCIRE FACIAS* ☐ OTHER^

*SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD:   ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT

**SERVICE TO BE ISSUED:**

| | | |
|---|---|---|
| PARTY NAME: Sylvester Turner | EMAIL PROCESS TO: | SERVE VIA: |
| PARTY TYPE: Defendant | ☐ TRAVIS CO. CONSTABLE | ☐ PERSONAL SERVICE |
| | ☐ ATTORNEY/REQUESTOR | ☐ CERTIFIED MAIL (BY CONSTABLE) |
| | ☐ PRIVATE PROCESS AGENCY: | ☑ CERTIFIED MAIL (BY CLERK) |
| ☑ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE | Process Agency Name: | ☐ CITATION BY POSTING* |
| ☐ OTHER ADDRESS: | Constable Precinct 5 | ☐ CITATION BY PUBLICATION* |
| PARTY NAME: Hubert Arturo Acevedo | EMAIL PROCESS TO: | SERVE VIA: |
| PARTY TYPE: Defendant | ☑ TRAVIS CO. CONSTABLE | ☑ PERSONAL SERVICE |
| | ☐ ATTORNEY/REQUESTOR | ☐ CERTIFIED MAIL (BY CONSTABLE) |
| | ☐ PRIVATE PROCESS AGENCY: | ☐ CERTIFIED MAIL (BY CLERK) |
| ☑ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE | Process Agency Name: | ☐ CITATION BY POSTING* |
| ☐ OTHER ADDRESS: | Constable Precinct 5 | ☐ CITATION BY PUBLICATION* |
| PARTY NAME: Janice Evans | EMAIL PROCESS TO: | SERVE VIA: |
| PARTY TYPE: Defendant | ☐ TRAVIS CO. CONSTABLE | ☐ PERSONAL SERVICE |
| | ☐ ATTORNEY/REQUESTOR | ☐ CERTIFIED MAIL (BY CONSTABLE) |
| | ☐ PRIVATE PROCESS AGENCY: | ☑ CERTIFIED MAIL (BY CLERK) |
| ☑ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE | Process Agency Name: | ☐ CITATION BY POSTING* |
| ☐ OTHER ADDRESS: | Constable Precinct 5 | ☐ CITATION BY PUBLICAT ON* |

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD:

ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

Please use Constable Precinct 5 for service.

**FOR ADDITIONAL PARTIES TO BE SERVED, USE e-FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 91 of 92

# EXHIBIT D

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250650 - Page 92 of 92

| VELVA PRICE | | |
| TRAVIS COUNTY DISTRICT CLERK | | SERVICE REQUEST FORM |
| CIVIL DIVISION (512) 854-9457 | | |

| Cause #: | Case Style: | |
|---|---|---|
| PARTY NAME: City of Houston<br><br>PARTY TYPE: Defendant<br><br>☑USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☑CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☑TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name:<br>Constable Precinct 5 | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |

**\*This Type of Service may require a court order. Enter date of service order in case record:**

**EXHIBIT D**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 30, 2016

Certified Document Number:        73250650 Total Pages:  92

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**EXHIBIT D**

12/29/2016 1:56:33 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 14491932
By: PEREZ, ANITA
Filed: 12/29/2016 1:56:33 PM

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-005694**

JERMANE A. HOPKINS

vs.                                                                                    , Plaintiff

SYLVESTER TURNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JANICE EVANS IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES, HUBERT ARTURO ACEVEDO, IN HIS INDIVIDUAL
CAPACITY, AND THE CITY OF HOUSTON                                                     , Defendant

TO:   HUBERT ARTURO ACEVEDO A/K/A ART ACEVEDO
      2407 STRATFORD DRIVE
      AUSTIN, TEXAS 78746

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the ORIGINAL PETITION FOR DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS
FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on
NOVEMBER 21, 2016 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. November 28, 2016.

REQUESTED BY:
JERMAINE A HOPKINS
1809 S. STREET, SUITE 101-131
SACRAMENTO, CALIFORNIA 95811
PHONE:(408)839-4904

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: HERNANDEZ KIRBY A

R E T U R N

Came to hand on the 28th day of November, 2016 at 12:04 o'clock P M., and
executed at 900 Barton Springs Austin, Texas 78704 within the County of
Travis on the 2nd day of December, 2016, at 8:55 o'clock A M.,
by delivering to the within named Hubert Arturo Acevedo AKA Art Acevedo, each
in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION FOR
DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS FOR DISCLOSURE accompanying pleading, having
first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____,

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
Sheriff / Constable / Authorized Person

By: _____  520
Brent Schultz

Printed Name of Server

Notary Public, THE STATE OF TEXAS      2016 NOV 28  PM12:04          Travis          County, Texas

D-1-GN-16-005694

☐ Original   ☐ Service Copy         CONSTABLE (PAUPER'S OATH)          P01 - 000046706

COMPLETED

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250656 - Page 1 of 1

Filed on 12/8/2016 3:32:17 PM Travis County District Clerk, Velva L. Price



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 30, 2016

Certified Document Number:        73250656 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**EXHIBIT D**

Filed in The District Court
of Travis County, Texas

12/29/2016 1:56:33 PM
Velva L. Price, District Clerk

Envelope No: 14491932
By: HERNANDEZ, KIRBY A
Filed: 12/29/2016 1:56:33 PM

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-16-005694

JERMANE A. HOPKINS

vs.

SYLVESTER TURNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JANIE EVANS IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES, HUBERT ARTURO ACEVEDO, IN HIS INDIVIDUAL , Defendant
CAPACITY, AND THE CITY OF HOUSTON

TO:   SYLVESTER TURNER INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF HOUSTON
OFFICE OF THE CITY MAYOR, CITY HALL
901 BAGBY STREET
HOUSTON, TEXAS 77002

**CERTIFIED MAIL #7014 3490 0000 6725 4950**

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the ORIGINAL PETITION FOR DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS
FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on
NOVEMBER 21, 2016 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 28, 2016.

REQUESTED BY:
JERMAINE A HOPKINS
1809 S. STREET, SUITE 101-131
SACRAMENTO, CALIFORNIA 95811
PHONE: (408)839-4904

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: HERNANDEZ KIRBY A

- - - - - - - - - - - - - -  **R E T U R N** - - - - - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____ M., and

executed at _____ within the County of _____

_____ on the _____ day of _____, _____ at _____ o'clock ____ M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION FOR
DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS FOR DISCLOSURE accompanying pleading, having
first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS

**D-1-GN-16-005694**

☐ Original        ☐ Service Copy

DISTRICT CLERK CERTIFIED MAIL

P01 - 000046704

Case # D-1-GN-16-005694

**EXHIBIT D**

004938958

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250661 - Page 1 of 3

UNITED STATES POSTAL SERVICE

HOUSTON
TX 773

06 DEC '16
PM 5 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Travis County District Clerk**
**P.O. Box 679003**
**Austin, Texas 78767-9003**

**D-1-GN-16-005694**
**ORIGINAL PETITION**
**DF-1 (KAH)**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250661 - Page 2 of 3

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery<br>12-2-16 |
| 1. Article Addressed to:<br><br>**SYLVESTER TURNER**<br>**OFFICE OF THE CITY MAYOR, CITY HALL**<br>**901 BAGBY STREET**<br>**HOUSTON, TEXAS 77002** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>Filed in The District Court<br>of Travis County, Texas<br><br>DEC 09 2016<br><br>At _____ M<br>Velva L. Price, District Clerk |
| | 3. Service Type<br>☑ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ Collect on Delivery |
| | 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7014 3490 0000 6725 4950 |

PS Form 3811, July 2013         Domestic Return Receipt

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250661 - Page 3 of 3

**U.S. Postal Service**

# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

DF-1

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

D-1-GN-16-005694
ORIGINAL PETITION
DF-1 (KAH)

Sent To
SYLVESTER TURNER
Street, Apt. No.; or PO Box No.
OFFICE OF THE CITY MAYOR, CITY HALL
901 BAGBY STREET
City, State, ZIP+4
HOUSTON, TEXAS 77002

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6725 4950

**EXHIBIT D**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>December 30, 2016</u>

Certified Document Number:      <u>73250661 Total Pages:  3</u>

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**EXHIBIT D**

12/29/2016 1:56:33 PM
Chris Daniel - District Clerk
Harris County, Texas
Envelope No: 14491932
By: DERRZ ANITA
Filed: 12/29/2016 1:56:33 PM

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-005694**

Filed in The District Court
of Harris County, Texas
At 10.00 o'clock _____ M.
Velva L. Price, District Clerk

JERMANE A. HOPKINS

, Plaintiff

vs.

SYLVESTER TURNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JANICE EVANS IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES, HUBERT ARTURO ACEVED, IN HIS INDIVIDUAL   , Defendant
CAPACITY, AND THE CITY OF HOUSTON

TO:   JANICE EVANS INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
      COMMUNICATIONS DIRECTOR FOR THE CITY OF HOUSTON
      OFFICE OF THE CITY MAYOR, CITY HALL
      901 BAGBY STREET
      HOUSTON, TEXAS 77002

CERTIFIED MAIL #7014 3490 0000 6725 4943

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the ORIGINAL PETITION FOR DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS
FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on
NOVEMBER 21, 2016 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. November 28, 2016.

REQUESTED BY:
JERMAINE A HOPKINS
1809 S. STREET, SUITE 101-131
SACRAMENTO, CALIFORNIA 95811
PHONE:(408)839-4904

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: HERNANDEZ KIRRY A

-- -- -- -- -- -- -- -- -- --  **R E T U R N**  -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____ M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock _____ M.,

by delivering to the within named _____ each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION FOR
DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS FOR DISCLOSURE accompanying pleading, having
first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

Sheriff / Constable / Authorized Person

_____ day of _____, _____.

By: _____

Printed Name of Server

_____

Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-16-005694

☐ Original      ☐ Service Copy

DISTRICT CLERK CERTIFIED MAIL

P01 - 000046705



Case # D-1-GN-16-005694

004938962

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250662 - Page 1 of 3

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250662 - Page 2 of 3

UNITED STATES POSTAL SERVICE

HOUSTON
TX 77

06 DEC '16
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

D-1-GN-16-005694
ORIGINAL PETITION
DF-2 (KAH)

P7-800303

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

JANICE EVANS
OFFICE OF THE CITY MAYOR, CITY HALL
901 BAGBY STREET
HOUSTON, TEXAS 77002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

Filed in The District Court 2-16
of Travis County, Texas

DEC 0 9 2016

At _____
Velva L. Price, District Clerk

3. Service Type
   ☑ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7014 3490 0000 6725 4943

PS Form 3811, July 2013        Domestic Return Receipt

**EXHIBIT D**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

DF-2

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

D-1-GN-16-005694
ORIGINAL PETITION
DF-2 (KAH)

7014 3490 0000 6725 4943

Sent To
**JANICE EVANS**
Street or PO **OFFICE OF THE CITY MAYOR, CITY HALL**
**901 BAGBY STREET**
City, S **HOUSTON, TEXAS 77002**

PS Form 3800, July 2014                    See Reverse for Instructions

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250662 - Page 3 of 3

**EXHIBIT D**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 30, 2016

Certified Document Number:        73250662 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**EXHIBIT D**

12/29/2016 1:56:33 PM
Harris County District Clerk
Harris County, Texas
Envelope No: 14491932
By: DEBRA YANEZ
Filed: 12/29/2016 1:56:33 PM

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-005694**

Filed: 12/29/2016 1:56:33 PM
At ____10:00____ ___ M.
Velva L. Price, District Clerk

JERMANE A. HOPKINS

, Plaintiff

vs.

SYLVESTER TURNER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, JANICE EVANS IN HER
OFFICIAL AND INDIVIDUAL CAPACITIES, HUBERT ARTURO ACEVEDO, IN HIS INDIVIDUAL       , Defendant
CAPACITY, AND THE CITY OF HOUSTON

TO:   CITY OF HOUSTON
      BY SERVING ITS MAYOR, SYLVESTER TURNER
      OFFICE OF THE CITY MAYOR, CITY HALL
      901 BAGBY STREET
      HOUSTON, TEXAS 77002

                           CERTIFIED MAIL #7014 3490 0000 6725 4936

Defendant, in the above styled and numbered cause.

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the ORIGINAL PETITION FOR DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS
FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on NOVEMBER
21, 2016 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 28, 2016.

REQUESTED BY:
JERMAINE A HOPKINS
1809 S. STREET, SUITE 101-131
SACRAMENTO, CALIFORNIA 95811
PHONE:(408)839-4904

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: HERNANDEZ KIRBY A

- - - - - - - - - - - - - - - **R E T U R N** - - - - - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ___ M., and
executed at _____ within the County of _____
_____ on the _____ day of _____, _____, at _____ o'clock ___ M.,
by delivering to the within named _____, each
in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION FOR
DECLARATORY RELIEF, WRIT OF MANDAMUS, AND REQUESTS FOR DISCLOSURE accompanying pleading, having
first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, ____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

D-1-GN-16-005694                           DISTRICT CLERK CERTIFIED MAIL                    P01 - 000046707

☐ Original    ☐ Service Copy

Case # D-1-GN-16-005694



004938967

**EXHIBIT D**

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250663 - Page 1 of 3

UNITED STATES POSTAL SERVICE

HOUSTON
TX 775

06 DEC '16
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Travis County District Clerk**
**P.O. Box 679003**
**Austin, Texas 78767-9003**

D-1-GN-16-005694
ORIGINAL PETITION
DF-4 (KAH)

57-900303

---

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250663 - Page 2 of 3

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

**CITY OF HOUSTON**
**C/O ITS MAYOR,  SYLVESTER TURNER**
**901 BAGBY STREET**
**HOUSTON, TEXAS 77002**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Filed in The District Court
of Travis County, Texas

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

DEC 09 2016

At _____  M.
Velva L. Price, District Clerk

3. Service Type
☑ Certified Mail®      ☐ Priority Mail Express™
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 3490 0000 6725 4936

PS Form 3811, July 2013        Domestic Return Receipt

**EXHIBIT D**

**U.S. Postal Service**

# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

DF-4

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

D-1-GN-16-005694
ORIGINAL PETITION
DF-4 (KAH)

*Sent To*   **CITY OF HOUSTON**
*Street &*  **C/O ITS MAYOR, SYLVESTER TURNER**
*or PO E*   **901 BAGBY STREET**
*City, St*  **HOUSTON, TEXAS 77002**

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6725 4936

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250663 - Page 3 of 3

**EXHIBIT D**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>December 30, 2016</u>


Certified Document Number:       <u>73250663 Total Pages:  3</u>


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**


**EXHIBIT D**

Filed in The District Court
of Travis County, Texas

DEC 2 1 2016 NNR

At_____4:26p___M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-16-005694

| | | |
|---|---|---|
| JERMANE A. HOPKINS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| SYLVESTER TURNER, in his official and | § | |
| individual capacities, JANICE EVANS, in her | § | |
| official and individual capacities, HUBERT | § | |
| ARTURO ACEVEDO, in his individual | § | |
| capacity and THE CITY OF HOUSTON | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | § | |

## ORDER

The Court, having considered the Motion for Leave filed by Defendants Sylvester Turner, Janice Evans, Hubert Arturo Acevedo and the City of Houston is of the opinion that said Motion is well-taken and should be GRANTED.   The Court therefore

GRANTS LEAVE and shortens the notice period contained in Texas Rule of Civil Procedure 87.1 from forty-five days to twelve days for the purposes of ruling on Defendants' Motion to Transfer Venue.

SIGNED this 21 day of December, 2016.



JUDGE PRESIDING



004959366

1

**EXHIBIT D**

12/19/2016 1:56:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14491932
By: Anita Perez
Filed: 12/19/2016 1:56:33 PM

Filed in The District Court
of Travis County, Texas

DEC 2 2 2016

At _1:07_ P __M.

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-16-005694

| | | |
|---|---|---|
| JERMANE A. HOPKINS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| SYLVESTER TURNER, in his official and | § | |
| individual capacities, JANICE EVANS, in her | § | |
| official and individual capacities, HUBERT | § | |
| ARTURO ACEVEDO, in his individual | § | |
| capacity and THE CITY OF HOUSTON | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | § | |

## ORDER

The Court, having considered the Motion to Transfer Venue filed by Defendants Sylvester

Turner, Janice Evans, Hubert Arturo Acevedo and the City of Houston, the response, if any, the

argument of counsel, and the pleadings and other papers on file with the Court, is of the opinion that

said Motion is well-taken and should be GRANTED.   The Court therefore

GRANTS the Motion and TRANSFERS this case to Harris County, Texas.

SIGNED this 22 day of _December_, 2016.

_____
JUDGE PRESIDING

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

_____
VELVA L. PRICE
DISTRICT CLERK

By Deputy: _KAH_

1

For Official Governmental Use Only - Do Not Disseminate to the Public: 73250647 - Page 1 of 1

**EXHIBIT D**

1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   December 30, 2016

Certified Document Number:        73250647 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**EXHIBIT D**